## ETHAN BURNAP *vs.* ALDEN PARTRIDGE.

To support an action for money had and received, it must appear the defendant has actually received money to the use of the plaintiff, or that he has received what is equivalent thereto and accounted for it as such.

But the receipt of the money may sometimes be presumed ; as when other property has been received which is saleable ; if it is not otherwise accounted for, the receipt of the money for the value of it may be presumed.

A written receipt for money is only *prima facie* evidence that the signer has received the money, and, if from other evidence it appear that no money has been received, the receipt will not be conclusive.

This was an action of *assumpsit*, and the count which was principally relied on was for money had and received. On the trial in the county court it appeared in evidence that the defendant, being superintendant and sole proprietor of the military academy at Norwich, made an agreement with the plaintiff, that if he, the plaintiff, would sell to the cadets in said institution such articles, and such only, as said defendant should permit them to purchase, at a certain price named for each article, he the defendant would approve the accounts of the plaintiff for said articles as correct against the parents or guardians of said cadets, or against any holden for the same, and would use his endeavours that the same should be paid in three months, and, at all events, in four months, from sale ; that both before and after the contract, the plaintiff and others at Norwich, who furnished said cadets with such articles as the defendant permitted them to purchase, had been accustomed to receive most of their pay through the hands of the defendant in money furnished him by the parents and guardians ; that the plaintiff had sold and furnished to one Francis Bartlett, of Haverhill, Massachusetts, son of Bailey Bartlett, articles such as the defendant permitted, to the amount of $66,64, and the plaintiff's account therefor, being approved by the defendant, had remained in the plaintiff's hands. It appeared that the defendant, had receipted the plaintiff's account, and sent it to Bartlett for the purpose of procuring the money ; but had never received it. The plaintiff also had transmitted his bills to Bartlett for payment, who, it seems, declined paying them on the ground that he had a receipt from the defendant.

The defendant requested the court to charge the jury in relation to the count for money had and received in the plaintiff's declaration, that if the jury should find the account of the plaintiff sent to Bartlett and receipted by him, was sent without having received the money thereon, and that the defendant never did in fact receive the money except so far as related to what was due

WINDSOR,
*February,*
1830.

Burnap
*vs.*
Partridge.

to himself, the plaintiff was not entitled to recover against the defendant for said $66,64, and interest thereon, as for money had and received, on said count.   But the court refused so to charge, but did charge the jury that if they found the defendant did send such account, so receipted, to Bartlett, and the plaintiff was thereby prevented from receiving his pay of Bartlett, the plaintiff was entitled to recover that sum of the defendant, and interest, on the count for money had and received, whether he had actually received the money or not.   For as the testimony was before the court, the receipted account would be, in the hands of Bartlett, a defence to the claim of *Burnap* upon him, and the receipt was, therefore, conclusive and binding on *Partridge*, that he had received the money.   The jury allowed said sum to the plaintiff, and interest.

The defendant excepted to the opinion of the court ; and a bill of exceptions stating the foregoing facts, and referring to certain paper evidence used on trial, being allowed by the court, the cause was ordered to the Supreme Court on a motion for a new trial founded on an alleged misdirection to the jury.

*Collamer and Marsh, for the defendant.*—I. It is contended for the defendant that the action for money had and received can be sustained only on its appearing the defendant has *really received* the plaintiff's money, or an equivalent.   It is not enough to show he ought to have received it.—*Maxwell* vs. *Jamieson*, 2 *Barn. & Ald.* 51 ;—*Rogers* vs. *Kelley*, 2 *Camp.* 123 ;—*Dey* vs. *Murry*, 9 *Johns.* 171 ;—17 *Mass.* 563 ;—*do.* 579 ;—14 *do.* 400.   All, therefore, which tends to show that the defendant has, or has not, *in fact*, received the money, is admissible in evidence, and on this depends the issue.   The deposition of Bartlett, introduced by the defendant, tends to show the defendant never received the plaintiff's money, and the issue should thereon have been left to the jury.

II. *Partridge* ought not to be prejudiced by his laudable efforts in sending a receipted bill to procure the plaintiff's money, as it appears he was bound to use his exertions, and was using them, in the ordinary way, treating the plaintiff in the same manner he did himself, and is in no way answerable for the improper use Bartlett, mistakenly, made of the bill.

The reason given by the court, " the receipted account, in Bartlett's hands, would be a defence to the claim of *Burnap* upon him," is not sustained by authority. If *Partridge* was unauthorized by *Burnap* to receive his pay, his receipt could have no

T

WINDSOR,
February,
1830.

Burnap
vs.
Partridge.

effect. If from the mode of dealing it is to be understood the de-
fendant was so authorized, then the receipt would have been sub-
ject to be met by proof of the non-payment of the money. It
could have been no more conclusive than the receipt of *Burnap*
himself, which would have been subject to such testimony. In-
deed, a man's receipt is never more than *prima facie* evidence
against him.—3 *Stark. Ev.* 1044 ;—*Williamson* vs. *Scott*, 17
*Mass. R.* 257 ;—*Tobey* vs. *Barber*, 5 *John. R.* 86.

*Mr. Cushman, contra*, contended, in substance, that the de-
fendant could legally receive from Bartlett the amount of the
plaintiff's bills, and discharge Bartlett from any liability therefor ;
that there had been no privity of contract between Bartlett and the
plaintiff ; that the defendant was solely responsible when he had
obtained the money of Bartlett, and he alone had a right to sue ;
that no action lay in this case in the name of the plaintiff against
Bartlett ; that although the defendant was only an agent for the
plaintiff to collect the debt in question, yet the discharge was a
bar to this action ;—that the receipt of the money in this case
might be presumed, although the general rule was that money
must be actually received.—1 *Chit. Pl.* 341-2-3.—That an ac-
knowledgement by a receipt was conclusive evidence that money
had been actually received ; that the action might be sustained
though the defendant had not received the money.—6 *Taun.* 110 ;
—3 *Camp.* 199.

WILLIAMS, J. delivered the opinion of the Court.—This case
is to be determined in the same manner as it would be if there
was no other count in the declaration than one for money had and
received. In deciding this question it is altogether immaterial
whether the defendant was originally liable to the plaintiff for the
goods which are the subject of this controversy. If the defendant
was liable in an action for money had and received, in conse-
quence of his having sent the accounts receipted, as stated in the
case, when he had not received the money thereon, or had not
received credit therefor in an adjustment between him and Mr.
Bartlett, sen., then the verdict in this case is not to be disturbed.

To support an action for money had and received, it must in
all cases be made to appear that the defendant has actually re-
ceived money to the use of the plaintiff, or that he has received
that which he considered as equivalent thereto and accounted for
it as such. Thus, in the case of *Nightingale and others* vs.
*Devisme*, 5 *Burr.* 2589, it was decided that this action could not

WINDSOR,
February,
1830.

Burnap
vs.
Partridge.

be maintained where East India Stock had been received : Lord Mansfield says, " this action for money had and received will not lie where no money was received." When one of the makers of a joint and several promissory note had given his bond for the amount and taken up the note, it was held he could not maintain an action for money paid in order to recover a contribution until he had actually paid the money.—*Maxwell* vs. *Jamieson*, 2 *Barn. & Ald.* 51. The two cases which have been read, one from 3 *Campbell*, 199, *Andrew* vs. *Robinson, et. al.*, and one from 6 *Taunton*, 110, *Wilkinson and others* vs. *Clay and others*, do not controvert this principle, but rather confirm it. In these cases the defendants were insurance brokers, who had effected an insurance for the plaintiffs, had adjusted the losses, received credit in their several accounts with the insurers for the amount of the loss, and had discharged the insurers. In both of these cases the defendants had in effect received the money when they were credited the amount of the loss in their accounts with the insurers, and it was upon this ground that the action was adjudged to lie.

The receipt of the money may sometimes be presumed. Thus, when other property has been received which is saleable ; if it is not otherwise accounted for, the receipt of the money for the value of it may be presumed. This however does not militate against the principle laid down, that money must actually have been received. It is only declaring what may be evidence of this receipt.

The question which then arises is whether the receipted accounts sent by the defendant to Mr. Bartlett, connected with the circumstance, as stated in the case, that *Burnap*, the plaintiff, was thereby prevented from receiving his pay of Bartlett, when he sent his account to him, was, as expressed in the charge of the court, " conclusive and binding upon the defendant that he had received the money :" and we are of opinion that it was not. If this was the case the plaintiff was entitled to a verdict without producing any further testimony than the receipted accounts in the hands of Bartlett. We cannot consider this as any thing more than *prima facie* evidence of the receipt of the money ; and if from the other evidence it appeared that the money was not received, it was not conclusive upon the defendant. A receipt is only evidence of an acknowledgement by the party, and is liable to be contradicted or explained by other testimony. This has been repeatedly decided, not only in the courts of this state, but

WINDSOR,
*February,*
1830.
_____
Burnap
*vs.*
Partridge.

elsewhere. In a suit between *Partridge,* the defendant, and Bartlett, *Partridge* would not be concluded by those receipts. In a suit between *Burnap,* the plaintiff, and Bartlett, those receipts would not be binding and conclusive upon *Burnap.* And we can see no reason why they should be so considered in this suit. The plaintiff may have sustained some inconvenience, and experienced some unnecessary trouble in consequence of the receipted accounts having been forwarded to Bartlett by the defendant : but that can have no effect upon the question under consideration.

From the testimony referred to as part of the case there does not appear to be any unfairness in the defendant in forwarding the accounts of the plaintiff receipted, as stated. It appears to have been done for the purpose of obtaining the money for the use of the plaintiff. And it is not an uncommon occurrence that accounts thus receipted are transmitted to the persons who are to pay the same for the purpose of receiving the amount due thereon ; and we are not prepared to say that such receipted accounts are conclusive evidence of the payment of the money thereon, so as to preclude all inquiry whether it has been paid or not. The judgement of the county court must be reversed and a new trial granted.

New trial granted.

*Cushman,* for plaintiff.
*Collamer & Marsh,* for defendant.