DAVID S. KETTLE *v.* LEVI J. HARVEY, and MERRTT HURD AND THE CONGREGATIONAL SOCIETY OF SANDGATE, Trustees.

When a party contracts to perform a specified amount of labor, as to repair a building, and the contract is entire, and the performance of the labor is, by the terms of the contract, or by its legal construction, a condition precedent to the right to recover pay therefor, and the party voluntarily abandons the work, before it is completed, without fault upon the other side, he is not entitled to recover a *pro rata* compensation for the amount of labor actually performed by him.

And although the contract may contain an independent provision for the payment of a part of the contract price previous to the performance of the labor, yet this will not, of itself, render the covenants independent throughout; but if, by the contract, the labor is to be completed by a certain day, and a portion of the residue of the contract price is to be paid " when the labor is completed," and days are specified for the payment of the balance, which are subsequent to the day specified for the completion of the labor, it will be considered, that the performance of the contract is a condition precedent to the right to recover any part of the contract price, except the amount agreed to be paid without reference to its performance.

The intention of the parties to a contract, in reference to the precedency of the covenants, is to be discovered from the order, in time, in which the acts are to be performed, rather than from the arrangement of the covenants, or the structure of the instrument.

To charge a trustee, in a case where no fraudulent conveyance is alleged, the principal debtor must have a cause of action against him; the attaching creditor takes the place of the principal, and if there is no cause of action, there is no right to be attached.

TRUSTEE PROCESS. The writ was served upon the trustees September 8, 1846. The trustee Hurd, who answered as well for the other trustee as for himself, disclosed the facts substantially as follows.

On the sixteenth day of June, 1846, Hurd, as committee for the Congregational Church of Sandgate, entered into a contract with Harvey, the principal debtor, under seal, and signed by Harvey and Hurd, by the terms of which Harvey covenanted to make certain repairs upon a meeting house, and to furnish certain materials therefor, and to complete the whole on or before the first day of October,

1846; and Hurd covenanted to pay Harvey therefor $125 in money " when the job is completed," and $50 in lumber, to be delivered at North White Creek, on or before the fifteenth of July, 1846, and $50 in store pay and $50 in lumber, at North White Creek, on or before the first day of March, 1847. Harvey commenced upon the performance of the work, and Hurd made payments to him from time to time, and, at his request, promised to pay debts due from him to other persons, so that at the time of the service of the trustee process he had paid to Harvey and had become liable to pay for him to other persons about the sum of one hundred dollars, above the sum of fifty dollars, which, by the contract, was to be paid July 15, 1846,—and which last sum was paid to the satisfaction of Harvey ;—but there was no agreement, whether the payments so made, above said sum of fifty dollars, should be applied upon the cash payment to be made upon the completion of the work, or upon the payments to be made March 1, 1847. At the time of the service of the trustee process the contract had been but partially performed on the part of Harvey, and he then entirely abandoned the work, without fault on the part of Hurd and without his consent, and Hurd was obliged to obtain materials and procure other persons to complete the work, at a greater expense, as he claimed, than the amount he would have been required by the contract to pay Harvey therefor.

The county court, December Term, 1847,—HALL, J., presiding,—adjudged the trustees not chargeable. Exceptions by plaintiff.

*H. Canfield,* for plaintiff, insisted, that, as the labor was performed by Harvey upon the realty, he was entitled to recover compensation *pro rata* for the services rendered by him ; that, by the contract, the covenants, except that on the part of Hurd to pay $125 upon the completion of the work, were independent ; and that the payments actually made, having been in money or its equivalent, must be considered as intended to apply towards the $125, required to be paid in money ; and he cited 1 Chit. Pl. 278, 281 ; *Emery* v. *Tichout,* 13 Vt. 15 ; *Dyer* v. *Jones,* 8 Vt. 205 ; *Gilman* v. *Hall,* 11 Vt. 510 ; *Booth* v. *Tyson,* 15 Vt. 515.

*W. S. Southworth,* for trustees, insisted, that the contract was entire, and the performance of it by Harvey was, as to all except .the first instalment, which had been paid before service, a condition precedent,—citing 1 Saund. R. 320, n. 4, 1 Wheat. Selw. 105, 429, *Thorpe* v. *Thorpe,* 12 Mod. 455, 3 Ld. Raym. 662, *Kingston* v. *Preston,* cited in Doug. 689, and *Thomas* v. *Cadwallader,* Willes 496 ; that there must be a complete performance of a condition precedent,—citing *Chilson* v. *Phillips,* 1 Vt. 41, *Hair* v. *Bell,* 6 Vt. 35, *Phillrook* v. *Belknap,* Ib. 383, *Steamboat Co.* v. *Wilkins,* 8 Vt. 56, *Brown* v. *Kimball,* 12 Vt. 617, *Ripley* v. *Chipman,* 13 Vt. 268, *Mattison* v. *Westcott,* Ib. 262, *Booth* v. *Tyson,* 15 Vt. 15,  *Winn* v. *Southgate,* 17 Vt. 355, and *Porter* v. *Stewart,* 2 Aik. 427 ; that if the thing to be performed be not uniform in its character, and apportionable, the rule is the same, whether the covenant, or promise, be to labor for a definite time, or to do any other act,— citing 10 Johns. 203, *Sinclair* v. *Bowles,* 9 B. & C. 92, [17 E. C. L. 346,] and *Faxon* v. *Mansfield,* 2 Mass. 147 ; and that in all the cases, which have been recognized as exceptions to the general rule, there was no voluntary and wilful abandonment of the contract, but an honest intent to perform on the one hand, or an acceptance, or acquiescence, on the other,—referring to the opinion of Royce, J., in *Ripley* v. *Chipman,* 13 Vt. 268.

The opinion of the court was delivered by

Bennett, J.   This case comes before us upon exceptions to the decision of the county court, in holding that the trustees were not chargeable upon the facts contained in the disclosure.   The leading facts are, that the principal debtor and the trustee Hurd, on the sixteenth day of June, 1846, entered into a contract under seal, by the terms of which the principal debtor took upon himself to repair a certain meeting house, belonging to the Congregational Society in Sandgate, in whose behalf Hurd was acting, according to certain stipulations contained in the contract, and to be completed on or before the first day of October, then following ; for which Hurd covenanted, on his part, to pay him two hundred and seventy five dollars,—one hundred and twenty five dollars of which was to be paid in money, *when the job was completed,* and fifty dollars in lumber, to be delivered at White Creek, in the state of New York,

on or before the fifteenth day of July, 1846, and the remaining one hundred dollars by the first day of March, 1847, fifty of which was to be paid in store pay, at some one of the stores in White Creek, and the remainder in lumber, to be delivered to the principal debtor in White Creek. This process was served on the eighth day of September, 1846, and before the work was completed by the principal debtor ; and upon which he voluntarily abandoned the work, without the fault or concurrence of Hurd, leaving Hurd to get the work completed in the best way he could ; by means of which the society sustained more or less damage.

No question is raised, and none can be, but what, by his covenants, Hurd had made himself *personally* liable to the principal debtor, for the payment of the contract price, provided Harvey had performed on his part. By the disclosure it appears, that the fifty dollars, payable in lumber by the fifteenth day of July, 1846, had been paid before this suit was brought, and that certain farther payments had been made by Hurd to Harvey, on the contract, and that he had assumed to pay to certain creditors of Harvey farther sums of money on the contract. If Harvey, upon abandoning the work, were entitled to recover of Hurd a *pro rata* compensation, it is quite probable, that there might be a balance in his hands, after deducting such damages, as had arisen from the non-performance of the contract by Harvey. But we think he could not maintain an action to recover a *pro rata* compensation. The work was abandoned by Harvey voluntarily, and without the fault of Hurd, and the contract was an *entire* one. In such case it is well settled, that there can be no *pro rata* recovery.

It is true, that the covenant on the part of Hurd, to pay to the principal debtor the first fifty dollars in lumber, must be regarded as independent. But the instalment of one hundred and twenty five dollars, by the terms of the contract, was to be paid upon the *completion* of the work ; and the remaining one hundred dollars were not to be paid until several months after the work was, by the contract, to have been completed. It does not follow, that, because Hurd covenanted to pay a part of the two hundred and seventy five dollars, before the entire contract was performed, the covenants are therefore independent *throughout*. It is the common language of courts, that the dependence, or independence, of covenants depends

upon the good sense and meaning of the contract. It was a remark of Lord MANSFIELD, that " their precedency must depend on the order of time, in which the intent of the transaction required their performance." This contract, by its own terms, provides, that one hundred and twenty five dollars shall be paid on the completion of the service ; and this necessarily renders the service, so far, at least, *a condition precedent ;* and we think, that the meaning and good sense of the contract make the performance of the service a. condition *precedent* to the payments, which were to be made subsequently to the performance of the work. The intention of the parties is to be discovered from the order, in time, in which the acts are to be done, rather than from the arrangement of the covenants, or the structure of the instrument. See 2 Smith's Lead. Cas. 12 ; *Thorpe* v. *Thorpe,* 1 Salk. 171 ; *Cunningham* v. *Morrell,* 10 Johns. 204 ; *Johnson* v. *Reed,* 9 Mass. 78.

To charge a trustee, the principal debtor must have a cause of action against him. *Maine F. & M. Ins. Co.* v. *Weeks & Tr.,* 7 Mass. 438. The attaching creditor takes the place of the principal debtor ; and if there is no cause of action, there is no right to be attached. In the case of *Robinson* v. *Hall,* 3 Met. 301, the contract was entire, and the service was to be paid for, when the work was finished; and it was held, that the principal could not be adjudged the trustee of the laborer, until the whole work was completed. We think, then, there was no right belonging to the principal debtor in this case, that could be attached. Besides, as the last instalment was to be paid in store pay at some one of the stores at White Creek, New York, and in lumber delivered at the same place, it might be well questioned, whether so much of the claim was such a demand, as could be the subject of the trustee process, even if Harvey had performed his entire contract.

It is not necessary to inquire, whether the principal debtor's claim against the trustee was so far contingent, at the service of the trustee process, as to preclude a right to attach it.

The result is, the judgment of the county court is affirmed.