JAMES S. HANCOCK *vs.* VINCENT COLYER & wife, & trustees

A debtor, who has deposited the amount of his debt in a bank, subject to his own order, may be summoned and charged as trustee of his creditors, although he made the deposit at their request, and on their agreement that he should incur no responsibility therefor.

TRUSTEE PROCESS. Chandler, Shattuck & Thayer, attorneys at law, the parties summoned as trustees, filed an answer, denying that they had goods, effects or credits of the principal defendants intrusted or deposited in their hands or possession at the time of service of the writ upon them, otherwise than as follows: that they then had in their hands a certificate of deposit of the First National Bank of Boston, in the following form: " $12,727.43. First National Bank. Boston, Mass., February 4, 1867. Chandler, Shattuck & Thayer have this day deposited in this bank twelve thousand seven hundred and twenty-seven $\frac{43}{100}$ dollars, to the credit and subject to the order of themselves, on return of this certificate. John Carr, Cashier;" that said sum was an amount collected by them as attorneys for the principal defendants, upon a check received in satisfaction of an execution issued in favor of the said principal defendants against Charles L. Hancock, for the sum of $13,069.60, less the sum of $342.17, in which sum the principal defendants were indebted to them; that, while the check was in their hands, they were summoned on January 25, 1867, as trustees of the principal defendants in a suit pending in this court, brought by the plaintiff in the present suit against the principal defendants, for the same cause of action named in the present suit; that on January 26 they deposited the check in said bank to their own account; that on February 5, 1867, under the instructions and at the special request and sole responsibility of the principal defendants, they paid over to the bank the said amount of $12,727.43, and took from the bank the said certificate; that the bank, in giving the certificate, agreed· to pay interest on the amount, from the time of the deposit of the check, on condition that the amount should remain in the bank for not less than three months; that in paying over the said amount and taking

the certificate and making with the bank the agreement afore-said, they acted under the instructions of the principal defend-ants, and under an agreement with them that they should incur no risk or responsibility in the premises ; and that at the time of service upon them of the writ in this action, the principal defendants owed them $25. In the superior court, they were charged on this answer ; and they appealed.

*C. R. Train,* for the plaintiff.

*J. E. Hudson,* for the trustees.

GRAY, J. In the former suit between these parties, the trus-tees were discharged, because at the time of the service upon them they had nothing in their hands or possession but a check payable to their order, for the amount of which they were not absolutely liable to the principal defendants. *Hancock* v. *Colyer,* 99 Mass. 187. But the amount of that check was afterwards collected by the trustees in money, and deposited, subject to their own order, in the bank, and there remained, liable to be imme-diately drawn out by them, at the time of the service of this process. They, then, and not the bank, were the debtors of the principal defendants. The money was as much in the posses-sion of the trustees as if they had deposited it on their general bank account, or put it in a trunk in the custody of their own clerk, in either of which cases they admit that they would have been chargeable. The fact that the deposit was made by direc-tion of the defendants, and under an agreement between them and the trustees that the latter should incur no responsibility, might have excused the trustees from liability to the defend-ants in case the money had been lost by insolvency of the bank. But money held by one person for another is not the less absolutely due, by reason of an agreement between them that the trustee shall not be held responsible for the solvency of par-ties with whom he may place it on deposit or loan. These trus-tees are therefore chargeable for the amount thereof, deducting their claim against the principal defendants. *Lewis* v. *Hancock,* 11 Mass. 72. *Dennie* v. *Hart,* 2 Pick. 204. *Hooper* v. *Hills,* 9 Pick. 435. *Trustees charged.*