O. L. HOYT v. WILBUR CHRISTIE AND TRUSTEE.

*Trustee Process Summoning Administrator.*

An administrator holding money, proceeds of a settled estate, is chargeable as trustee of one entitled thereto in distribution of such proceeds, on trustee process summoning him in his personal and not in his representative capacity.

THIS was an action begun by trustee process.   A commissioner. was appointed, and he reported that at the time of the service of the process, the trustee, who was administrator of the estate of Mary Christie, the defendant's mother, had in his hands the sum of $58, the defendant's share in said estate, and that he had nothing else, and was under no other liability to the defendant. The trustee was summoned in his individual capacity and not as administrator, and the defendant and trustee claimed that for that reason the trustee was not liable.

At the September Term, 1877, the court, REDFIELD, J., presiding, rendered judgment, *pro forma*, that the trustee was chargeable ; to which the trustee excepted.

*Huse & Lord*, for the trustee.

The trustee should have been summoned in his representative capacity.   Gen. Sts. c. 34, s. 3 ; *Scofield* v. *White*, 29 Vt. 330 ; *Coverly* v. *Braynard*, 28 Vt. 738 ; *Lamson* v. *Bradley*, 42 Vt. 165, 174 ; *Knapp* v. *Levanway*, 27 Vt. 298 ; *Exr. of Tillinghast* v. *Johnson*, 5 Ala. 514.

*O. L. Hoyt, pro se.*

The process may be maintained against a trustee in his individual capacity.   Gen. Sts. c. 34, ss. 2, 3 ; *Short* v. *Sampson*, 10

Vt. 446 ; *Parks* v. *Hadley*, 9 Vt. 320 ; Gen. Sts. c. 57, s. 4 ; *Admr. of Tryon* v. *Tryon*, 16 Vt. 313 ; *Adams* v. *Adams*, 16 Vt. 228 ; *Stone* v. *Griffin*, 3 Vt. 400 ; *Burnell* v. *Malony*, 36 Vt. 636 ; *Roberts* v. *Morgan*, 30 Vt. 319.

The opinion of the court was delivered by

Ross, J. The only objection to the judgment of the County Court holding the trustee chargeable is, that the trustee was summoned in his individual capacity and not as the administrator of Mary Christie's estate. Whether this objection can prevail depends upon whether the defendant, on the facts reported, could have maintained a suit against the trustee in his individual capacity for the amount in his hands. He had in his hands as the avails of the estate of which he was administrator the share of the defendant in money when the writ was served upon him and when his disclosure was taken. No question is made but that the estate was fully settled, and the share of the defendant therein fully determined. On such determination and settlement the money which constituted the defendant's share ceased to be the money of the estate, and became the money of the defendant. The defendant therefore could have maintained an action against the trustee in his individual capacity for its recovery. Hence the plaintiff, who by the trustee process succeeds to the rights of the defendant in this respect, may maintain this process against and charge the trustee in his individual capacity. There was no error in the judgment of the County Court, and the same is affirmed.