JAMES K. LYNDE, *v.* K. L. WATSON ; HORACE WARE,
TRUSTEE.

*Trustee Process.    Gen. Sts. c.* 34, *s.* 52.

Under section 52, c. 34, Gen. Sts. one who is summoned as trustee may retain of the credits, &c., in his hands not only such demands against the defendant as are due, but also such as are to fall due ; thus, he may retain of the sum to be paid on defendant's promissory note which is not yet due, enough to pay his own note due presently.

TRUSTEE PROCESS.    A commissioner was appointed, who reported that the trustee had goods, &c., in his hands at the time of service of process " according to his disclosure  .  .  .  to wit ", that he " became indebted to the defendant " on January 19, 1878, in the sum of $45.95, which he still owed with interest.    It appeared from the disclosure that on January 19, 1878, the defendant applied to the trustee for the loan of $100 which the trustee agreed to give if the defendant would pay the trustee in the transaction a small sum that he then owed him ; that the defendant thereupon gave the trustee his promissory note of that date for $100 payable in two years from date with interest, and the trustee gave the defendant $50 in money and his note for $45.95 payable on demand with interest ; that the note of the defendant to the trustee was not due, and that no part of either note had been paid, at the time process was served in this action.

The case was heard on the report at the June Term, 1879, and the court, POWERS, J., presiding, rendered judgment that the trustee was not chargeable, and that he be discharged with costs ; to which the plaintiff excepted.

*J. W. Rowell,* for the plaintiff.

Section 52, c. 34, Gen. Sts. does not warrant a deduction for debts not due at the time of final disclosure.    The trustee can stand in no better position than he would be in if sued by the defendant on the same cause of action.    *Strong* v. *Mitchell,* 19 Vt.

644, and *Smith* v. *Stearns*, 19 Pick. 20, would seem to support this proposition.

*George L. Stow*, for the trustee.

The defendant's indebtedness on his note to the trustee should be set off against the trustee's indebtedness to the defendant. Gen. Sts. c. 34, s. 52.

The opinion of the court was delivered by

BARRETT, J. The disclosure is treated by both parties as being true. The commissioner seems to have assumed, though he does not report, that it was true. At the time of the service of the process upon the trustee, and at the time of the disclosure, the defendant was indebted by note to the trustee in more than double the amount of the note held by the defendant against the trustee, which note constituted the indebtedness found by the commissioner, of the trustee to the defendant.

The former of said notes was payable two years from date, which term had not elapsed till long after this suit and judgment in the County Court. The latter of said notes was of the same date as the former, and payable on demand. The case is covered by the terms of the statute. Gen. Sts. c. 34, s. 52. There is no limitation of the demands that the trustee is allowed to retain or deduct out of the goods, effects and credits in his hands, to such as are due and payable at any particular time, as at the time of the service of the process, or the making of the disclosure, or of any other event connected with, or related to the proceeding. The statute constitutes the law of the subject, and as the terms are explicit, there is no office for judicial construction. No case is cited, or known to the court, that would give countenance to charging the trustee in this case.

*Judgment affirmed.*