J. G. SMITH & CO. v. N. H. STRATTON AND TRUSTEES.

*Trustee Process. The question as to the Amount due cannot be Twice Litigated.*

1. When the question as to how much is due from a trustee to the principal defendant has been once adjudicated, without collusion or other wrong, the issues having been made up, the parties having had their day in court, the court having jurisdiction of the parties and the subject matter, such adjudication is conclusive; and the question as to the amount cannot be again litigated by another party, who subsequently commences a suit against the same defendant and same trustee. Payment of the judgment extinguishes the debt; and this is so although the commissioner in the second suit finds a larger amount to have been due than the commissioner did in the first suit.
2. As a general rule, to charge one as trustee, the principal debtor must have a cause of action against him.
3. R. L. s. 1138, effect of judgment against trustee.

TRUSTEE process. Heard on commissioner's report, March Term, 1883, Washington County, REDFIELD, J., presiding. Trustees adjudged liable. It appeared that two suits, prior to this one, had been brought against this defendant and these trustees,—one in favor of R. R. Higgins & Co., and the other in favor of Buchanan, Johnson & Co.; that the two suits were entered in court; that the suit of Higgins & Co. was settled without a commissioner, but that a commissioner was appointed, and made a report, in Buchanan, Johnson & Co.'s suit ;. and that he allowed the trustees more costs in Higgins & Co.'s suit, and greater damages in reduction of the note due from them to the defendant, than the commissioner did in this action.

*L. L. Durant* and *J. O. Livingston*, for the trustees.

This whole matter was adjudicated in the Buchanan, *Johnson* & Co.'s case; the court had jurisdiction; the adjudication was

Smith *v.* Stratton.

complete ; no error of law or fact is shown in that judgment, and it is conclusive. If it is not conclusive, how can a judgment in this case conclude anyone ? Why cannot another party commence a suit, after this is terminated, and so litigate this question interminably. *Minor* v. *Walker*, 17 Mass. 237 ; *Kettle* v. *Harvey*, 21 Vt. 301 ; *Spafford* v. *Page*, 15 Vt. 494; *Parkhurst* v. *Green*, 25 Vt. 538 ; Drake Attachment, 675.

*C. W. Porter*, for the plaintiff.

A judgment in one trustee suit does not preclude the same trustees being charged on account of the same debt in another suit in favor of a different party. Drake Attachment, s. 707 ; 20 Pa. St. 396 ; 5 Jones, Law, 39.

The opinion of the court was delivered by

Rowell, J. The statute provides—R. L. s. 1138—that judgment against a person as trustee shall discharge him from demands by the defendant, his executors or administrators, for goods, effects, and credits paid, delivered, or accounted for by the trustee by force of such judgment.

Let us first inquire whether or not the judgment against these trustees in Buchanan, Johnson & Co.'s suit, and the payment made by them by force thereof, discharged them from the defendant as to the subject-matter of said judgment.

As far as the trustees were concerned, the precise and only question raised and litigated in that suit was, whether the trustees owed the defendant anything and how much on their promissory note to him for $831, given on February 16th, 1876, for the balance of the purchase-price of the stock in trade, fixtures, etc., that were in defendant's grocery store.

The commissioner in that suit found and reported that the amount due on said note on September 9, 1879—the first day of the term at which his report was made—was $334.25. In determining said amount the commissioner—among other things— allowed as a payment on said note the sum of $100 as damages

for loss of shelves, gas-fixtures, etc., that were included in the trustees' purchase of the defendant, but to which they acquired no title thereby, as the defendant had none. Said report was accepted at said term, and the trustees thereupon adjudged chargeable to the amount of $285.42, and their costs were taxed and allowed at $51.83, making in the whole the sum of $337.25; and on January, 20, 1880,they paid said sum of $285.42 in full settlement of said judgment; and thus the whole amount found due on said note as aforesaid was paid and accounted for by them by force of said judgment.

There is no claim that they did not fulfill their whole legal duty in making their disclosure, nor that they were in any respect guilty of collusion or other wrong. The court had jurisdiction of the parties and the subject-matter; the issue was made up; the parties had their day in court and full opportunity to be heard; the judgment embraced the issue and determined the controversy; by it the amount and *status* of the trustees' indebtedness upon said note were judicially ascertained and fixed, and said amount has been fully paid and accounted for, and thereby said note was satisfied and extinguished; and, by force of said statute, the trustees are no longer liable thereon to the defendant.

Secondly. But these plaintiffs say, that as they were not parties to that suit they are not bound by the proceedings therein, and they seek to make these trustees again chargeable by reason of the same note on which they were before charged, and precisely the same question is here raised and litigated as was raised and litigated in that suit, but with a different result before the commissioner, in that the commissioner in this case allows the trustees but $20 as damages for loss of shelves, gas-fixtures, etc., instead of $100 as allowed by the former commissioner, and $15.80 only as costs in the Higgins & Co's suit, against $35 allowed therefor by the former commissioner.

Now as a general rule, to which this case is not an exception, in order to charge one as trustee, the principal debtor must have a cause of action against him. The attaching creditor stands in

the shoes of the principal debtor, and if the latter has no cause of action against the trustee, there is nothing to attach. *Kettle* v. *Harvey,* 21 Vt. 301.

This defendant having no cause of action against these trustees, there is nothing to attach, and the judgment must be reversed and the trustees discharged with costs.

Ordered accordingly.