J. B. HUSTED *vs.* ELLEN G. STONE and J. M. DEAN, trustee, apt.

October Term, 1896.

Present: ROSS, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

*Trustee Process—Trustee under Will when Chargeable.*

One who is chargeable by trustee process cannot deduct the amount of a note which he has merely endorsed for the principal debtor but has not paid nor assumed.

A trustee under a will is not chargeable by trustee process in an action

against the beneficiary if he has not promised the beneficiary, nor been ordered by the probate court, to pay, nor in any way terminated the trust.

V. S. 1307 and 1365 considered.

GENERAL ASSUMPSIT. Heard on an agreed statement, in lieu of a disclosure, at the June Term, 1896, Addison County, *Rowell*, J., presiding. Judgment against the principal debtor in the justice court affirmed without costs and the trustee adjudged chargeable for the amount thereof. The trustee excepted.

The agreed statement contained the following clause: "If said four-hundred-dollar note is not allowed in offset, * * it is agreed that he has in his hands sufficient funds from the income of said estate to pay the plaintiff's judgment in excess of all sums due the trustee from said Ellen G. Stone * * provided said income is answerable to the trustee process."

*F. L. Fish* and *H. S. Peck* for the trustee.

The defendant could not have maintained an action against the trustee without first obtaining a decree against him in the probate court. The plaintiff can only take the defendant's place in this respect and must fail for the same reason. *Smith* v. *Stratton and Tr.*, 56 Vt. 362; *Kettle* v. *Harvey*, 21 Vt. 301; *Short* v. *Moore*, 10 Vt. 446; *Probate Court* v. *Chapin*, 31 Vt. 373; *Bank* v. *Kidder*, 20 Vt. 519; *Barker* v. *Esty*, 19 Vt. 131; *Adams* v. *Adams*, 16 Vt. 228; *Hoyt* v. *Swift*, 13 Vt. 129; *Hutchins* v. *Hawley*, 9 Vt. 295; *Hitchcock* v. *Egerton*, 8 Vt. 202; *Sargeant* v. *Leland*, 2 Vt. 280; V. S. 2511; *In re Hodges' Est.*, 63 Vt. 661.

If the trustee is otherwise chargeable the note upon which he is liable as endorser should be deducted. *Strong* v. *Mitchell*, 19 Vt. 644.

*F. W. Tuttle* for the plaintiff.

The note should not be deducted. The right of the trustee to retain claims in his favor extends only to existing absolute demands. *Noyes* v. *Hickcok*, 27 Vt. 36.

The funds in the hands of the trustee are chargeable. V. S. 1307, 1308. There was no need of a decree of the probate court fixing the amount due to the defendant because the agreed statement fixes it. It is there stated that the funds due exceed the amount of the judgment against the principal defendant. *Hoyt* v. *Christie*, 51 Vt. 48.

TYLER, J. The plaintiff seeks to have said Dean adjudged chargeable in his individual capacity, on account of money received for the defendant by Dean in the performance of his duties as executor of the will of Electa Hazard, deceased.

The will was executed Sept. 10, 1874. The first and second bequests are not involved in this case. The third is as follows:

"I give and bequeath to my daughter, Ellen G. Stone, of Ferrisburgh, Addison County, Vt., the sum of three thousand dollars to be paid by my said executors within six months after my decease. I also give, devise and bequeath to my said daughter, Ellen G. Stone, all the real estate I now own in the town of Ferrisburgh, Addison County, Vt., *and also the use and income of the residue and remainder of my estate both real and personal during the life time of the said Ellen G. Stone.* At and after the decease of my said daughter, Ellen G. Stone, I do hereby give, devise and bequeath the said residue and remainder of all my estate, both real and personal, to be equally divided between such children of my daughter, Ellen G. Stone, as may live to be of legal age."

Joshua M. Dean and Rufus Hazard were named as executors, were appointed as such by the probate court upon the allowance of the will Jan. 19, 1875, and they distributed the estate according to the terms of the will, the defendant taking certain personal and real property.

The defendant also took possession of the real estate of which she was given the use and thereafter managed it and took the profits. The executors retained the personal property amounting to about ten thousand dollars, of which the defendant was given the income, and managed it

until April, 1891, when Rufus Hazard died, after which Dean managed it, from time to time paid the income to the defendant as he received it, and rendered frequent accounts of his trust to the probate court.

That court has made no order giving the defendant the management of the personal property, and it has made no decree or order directing the executor to pay over any part of the income of the trust fund to the defendant.

The executor had in his hands, at the time of his disclosure, an amount of income derived from the trust fund sufficient to have paid the plaintiff's judgment against the defendant unless the executor was entitled to have deducted therefrom the amount of a four-hundred-dollar bank note which he had indorsed for her.

The foregoing facts were agreed upon for the purpose of the trial.

The trustee contends that he is not personally chargeable for the reasons that there had been no accounting in the probate court, and that no order of distribution had been made of such income prior to the disclosure.

(1) It is clear that the trustee was not entitled to deduct the amount of the note indorsed by him. He could only deduct demands against the defendant founded on contract expressed or implied. V. S. 1365. He had not paid nor assumed payment of the note, and his liability was only the usual liability of an indorser. *Strong* v. *Mitchell*, 19 Vt. 644.

(2) It is provided by V. S. 1307, that a debt or legacy due from an executor or administrator, and other goods, effects and credits in his hands, may be attached by trustee process; but it is held that an executor or administrator shall not be liable to be sued for the distributive share of an heir to the estate previous to any proceedings being had in the probate court in reference to fixing the amount of each heir's distributive portion of the estate. *Adams* v. *Adams*, 16 Vt. 228.

A decree of distribution is indispensable to any right of

action as against the executor. *Short* v. *Moore*, 10 Vt. 446. When a decree has been made and the time fixed for payment has expired the amount decreed becomes a debt due from the trustee to the beneficiary. Until that time the fund belongs to the estate and the legal title is held by the trustee. *Bank* v. *Kidder*, 20 Vt. 519; *Probate Court* v. *Chapin*, 31 Vt, 373; *Foss, Tr.* v. *Sowles*, 62 Vt. 221; *In Re Hodges' Estate*, 63 Vt. 661.

The plaintiff contends that in the circumstances of this case the income was the defendant's so that she could have enforced its collection without an order of the probate court. The general rule is that, for a creditor of one to make another chargeable as trustee of the debtor, the latter must have a cause of action against the trustee,—that the creditor takes the place of the principal debtor. *Kettle* v. *Harvey*, 21 Vt. 301; *Boyden* v. *Ward*, 38 Vt. 628; *Smith* v. *Stratton and Tr.*, 56 Vt. 362.

It was held in *Lynde* v. *Davenport*, 57 Vt. 597, that an action at law would lie to recover the amount of a trust fund when the trust had terminated and nothing remained to be done but to pay over the money. Upon the same ground it was decided in *Underhill* v. *Morgan*, 33 Conn. 105, that a widow might maintain assumpsit against her husband's administrator for a fund which her husband had held in trust for her. In II Perry on Trusts, 843, it is laid down as a rule that where an account between the trustee and the *cestui que trust* has been stated, assumpsit will lie while the trust remains open, upon the ground that a legal debt had been created between the parties. So it has been held that where there is an express promise by the trustee to pay the beneficiary a certain part of the income, assumpsit will lie upon the promise. *Weston* v. *Barker*, 12 Johns. 276; *Dias* v. *Brunell*, 24 Wend. 9; *Roper* v. *Holland*, 3 A. & E. 99. In *Case* v. *Roberts*, Holt's N. P. Cas. 500, it is carefully stated that a balance of money received and to be accounted for by a trustee cannot be sued for at law by the party

entitled unless such balance had been specifically adjusted, in which case it may be sued for.

The case at bar does not come within these rules. The trust had not terminated; the trustee had not promised to pay the beneficiary the amount of income in his hands, nor accounted to her for it so that a promise could be implied. No decree or order having been made the defendant was not entitled to sue for it. The case of *Hoyt* v. *Christie*, 51 Vt. 48, does not aid the plaintiff, for in that case the estate had been fully settled and the share of the defendant therein fully determined, and the money which constituted the defendant's share had ceased to be the money of the estate and had become the money of the defendant.

But the plaintiff contends that the trustee conceded his liability in the agreed statement. The concession was as to the amount of funds in his hands with a submission to the court of the question whether he was chargeable as trustee.

The same question is now presented in respect to the trustee's legal liability that would have arisen upon the report of a commissioner.

> *Judgment reversed and judgment that the trustee is not chargeable.*

