SAMUEL H. EARLE *vs.* A. LEROY WHITING, executor.

Worcester.    October 2, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract,* Implied: common counts.    *Interest.*

At the trial of an action for money had and received, it appeared that the plaintiff executed an order in writing upon the treasurer of a savings bank directing him to pay to the defendant funds standing to the plaintiff's credit at the bank, but did not deliver the order to the defendant. The defendant in some way other than through a delivery by the plaintiff got possession of the order, presented it to the bank and had the account transferred to his name. *Held,* that the action could be maintained although the defendant never had actual possession of the money.·

It is not necessary for one whose money fraudulently has been misappropriated to demand its return of the person who misappropriated it before bringing against him an action of contract for money had and received.

In an action for money had and received brought against one who fraudulently has misappropriated money of the plaintiff, the defendant is chargeable with interest from the time of the fraudulent misappropriation by him.

CONTRACT with a second count for money had and received by the defendant's testatrix to the use of the plaintiff, and a count in tort for the conversion of money. Writ in the Superior Court for the county of Worcester dated March 16, 1906.

At the trial, which was before *Aiken,* C. J., without a jury, the plaintiff waived the count in tort, and the presiding judge found for him on the second count, subject to exception by the defendant. The facts are stated in the opinion.

*W. C. Mellish,* for the defendant.

*E. H. Vaughan,* (*E. J. McMahon & E. T. Esty* with him,) for the plaintiff.

MORTON, J. The only question in this case is whether the court should have ruled as requested by the defendant that there was not sufficient evidence to warrant a finding for the plaintiff on the second count, which was for money had and received by the defendant's testatrix to the plaintiff's use. The only evidence in the case was the auditor's report. The auditor found in substance that the plaintiff, who was blind, received in June, 1904, $500 from one Bassett in payment of the balance due on

a mortgage, and handed it to his daughter, the defendant's testatrix, directing her to deposit it for him in the Webster Five Cents Savings Bank and to bring him back the book; that she deposited the money as thus directed, but at the same time caused all deposits and dividends including the $500, standing to the plaintiff's credit and amounting to $612.50, to be transferred to herself under an order which the plaintiff had drawn in the spring of 1903 on the treasurer of the bank directing him to pay to her all deposits and dividends due him, but which he never had delivered to her, and which had remained, as he supposed, in his custody. How it came into her possession except that it never was delivered by him to her does not appear. The auditor found that defendant's testatrix by such transfer converted to her own use the sum thus transferred, namely, the $612.50 aforesaid, and the court, on the evidence thus before it, found for the plaintiff, and assessed the damages in the sum thus converted and interest.

The defendant contends that an action for money had and received will not lie because his testatrix never received any money and that all that she obtained by the transfer was a right to demand from the bank the amount transferred, in other words a chose in action. But the transfer of the deposit and dividends from the plaintiff to herself was the same in legal effect as if she actually had withdrawn the money and had redeposited it in her own name. In such a case it is plain that an action for money had and received would lie. See *Randall* v. *Rich*, 11 Mass. 494; *Emerson* v. *Baylies*, 19 Pick. 55; *Henchey* v. *Henchey*, 167 Mass. 77; *Sullivan* v. *Sheehan*, 173 Mass. 361. No demand was necessary and interest was due from the time when the money was fraudulently misappropriated by the defendant's testatrix. *Hill* v. *Hunt*, 9 Gray, 66. *Manufacturers' Bank* v. *Perry*, 144 Mass. 313.

*Exceptions overruled.*