WILLIAM H. TRASK *v.* GEORGE J. TRASK'S ESTATE.

January Term, 1926.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 13, 1926.

*Bill of Exceptions—Sufficiency.—Executors and Administrators —Notes Paid by Sole Heir of Intestate After Latter's Death as Claim Against Estate—Conclusiveness of Findings of Fact.*

1.  Where bill of exceptions merely stated, "Exceptions by appellant allowed," but record failed to show what such exceptions were, no legal question was thereby presented to Supreme Court for decision.

2.  Exceptions noted on docket, like those noted on transcript, to be available must be brought into record by bill of exceptions signed by presiding judge and filed with clerk in accordance with requirements of G. L. 2258.

3.  Sole heir, who after father's death intestate, voluntarily paid certain of father's notes, *held* to have no right to recover amount so paid as claim against father's estate.

4.  Supreme Court will not, for purpose of reversing judgment, read into finding of facts something which is not there, and which is not necessary inference from facts found.

23

APPEAL from decision of commissioners disallowing claim against estate of George J. Trask. Plea, general issue. Trial by court at the March Term, 1925, Washington County, *Fish,* J., presiding. Judgment for the estate. The plaintiff excepted and appealed. The opinion states the case. *Affirmed.*

*Edward H. Deavitt* and *Burton E. Bailey* for the appellant.

*Webster E. Miller* and *George L. Hunt* for the appellee.

SLACK, J. This is an appeal from the disallowance of plaintiff's claim by the commissioners on the estate of George J. Trask. The complaint is in the common counts in assumpsit; plea, the general issue; trial by court; judgment, on the facts found and stated, for defendant.

The plaintiff insists that on the findings he is entitled to a judgment, and, consequently, that the court erred in giving judgment for the defendant. This is the only ground upon which a reversal is sought.

[1, 2] The defendant contends that the validity of the judgment cannot be challenged under any exception shown by the record, and this would seem to be so. It appears inferentially from the statement in the bill of exceptions, "Exceptions by appellant allowed," that plaintiff took some exceptions, but what they were, whether to the admission or the exclusion of evidence, to the findings, or to the judgment does not appear. It is claimed by plaintiff on oral argument that the docket entries show an exception to the judgment. Be that as it may, it cannot avail him in the circumstances disclosed by the record. Exceptions noted on the docket stand no differently than exceptions noted in the transcript. Either to be availing must be brought into the record by a bill of exceptions signed by the presiding judge and filed with the clerk in accordance with the requirements of the provisions of G. L. 2258. In the instant case, the exception relied upon is not noticed in the bill of exceptions, nor is reference there made to the docket entries, where it is claimed such exception is to be found. In these circumstances it must be held that there is no legal question before us. *Stilphen* v. *Reed,* 64 Vt. 400, 23 Atl. 725.

[3] But were the plaintiff entitled to the benefit of this exception the result would be the same. It appears from the

findings that he was the son and only heir of George J. Trask; that at the time of George J.'s death he owed two promissory notes upon which he had received the proceeds, which were afterwards paid by plaintiff. We quote all that further appears concerning these notes: "Then the item of $100 paid the Capital Savings Bank on the George Trask note. It looks, if I understand it correctly, as though that this is an item paid by William H. Trask after his father's death; if I am right about that, that would not be a proper matter to go before the commissioners; they had no authority to allow an item of that kind, and the appeal here gives us no authority to allow such an item, to say nothing of the other features about it which might be urged against the allowance of the item; and the same can be said also of the item of $108.33, which was the amount paid W. L. Hutchinson on the note at the Randolph National Bank. That note was paid after George J. Trask's death and it was not a proper item as we understand the law, to go before the commissioners, to say nothing of the other features which might be urged against that as an item to be allowed here."

[4] That judgment was properly rendered for the defendant on these facts is too obvious to require argument. The trouble with plaintiff's claim is that it finds its chief support in facts outside the record. It is urged that he should be allowed the note which was paid to the Capital Savings Bank because he paid it out of his personal funds to conserve the estate and protect his inheritance, and that he should be allowed the other note because he was surety thereon. What standing these facts, had they been found, might give the plaintiff we need not inquire, since they were not found nor were they necessarily inferable from facts that were found. We cannot, for the purpose of reversing a judgment, read into the finding of facts something which is not there, and which is not a necessary inference from the facts found. *Adams* v. *Ladeau*, 84 Vt. 460, 79 Atl. 996. See, also, *Roberts et al.* v. *Hughes Co. et al.*, 86 Vt. 76, 115, 83 Atl. 807; *Hitchcock* v. *Kennison*, 95 Vt. 327, 334, 115 Atl. 156. Plaintiff's claim could not be entertained if it was properly here for review.

*Judgment affirmed. To be certified to the Probate Court.*