ROYAL BANK OF CANADA *v.* ALFRED GIRARD AND TRUSTEES.

October Term, 1926.

Present:   WATSON, C. J., POWERS, SLACK, and FISH, JJ.

Opinion filed January 6, 1927.

*Exceptions Too General—When Sufficiency of Evidence To Support Judgment Will Not Be Inquired Into—Exception to Judgment—Question Not Raised Below—Trustee Process.*

1. Exception to finding of facts as not supported by evidence, and that some of them were contrary to the evidence and misleading, *held* too general to be available for review in Supreme Court.
2. Where there is no available exception to findings of fact, Supreme Court will not look back of them to ascertain whether evidence supports judgment.
3. Exception to judgment as not supported by facts found, nor by evidence, nor actual facts in case, *held* to raise only question whether findings are such as support judgment.
4. Question not raised below cannot be made on review in Supreme Court.
5. Where one-half of defendant's cream checks were assigned by him to seller to be applied on note representing balance of purchase price of farm and livestock sold to defendant, and such checks, which were drawn to defendant's order and sent to seller, after indorsement by defendant were deposited to seller's personal bank account, and seller's half applied on note, seller thereby satisfied his own half interest therein, and thereafter held other half as money or its equivalent belonging to defendant, making seller chargeable therefor in action wherein he was named as trustee and judgment was obtained against defendant.

ACTION OF CONTRACT. Heard by the court at the September Term, 1925, Orleans County, *Moulton*, J., presiding. Defendant was defaulted. Both persons named as trustees denied liability as such, and trustee Moran was discharged. Judgment was

rendered that trustee Cutler was liable as trustee in specified sum, and he excepted. The opinion states the case. *Affirmed.*

W. W. *Miles* for trustee Cutler.

W. W. *Reirden* for the plaintiff.

STATEMENT BY CHIEF JUSTICE WATSON: In this action, defendant was defaulted, the trustee, Leon Moran, was discharged, and the action proceeded against the trustee, H. R. Cutler, who had filed his disclosure denying that he had any of defendant's goods, effects, or credits in his possession at the time this suit was brought, nor that he had had any such since said suit was brought, and thereupon submitted himself to such further examination as the plaintiff might see fit to make. At the September term of the Orleans county court, Cutler was examined by the plaintiff under oath, before the court, respecting his liability as trustee. No other testimony was introduced in the trial of the cause. The court found and reported certain facts relating to the trustee's liability, and upon the facts so found rendered judgment that said trustee was liable to the plaintiff in the sum of $343.19, and gave judgment against the trustee for that sum.

The following are of the facts found: In the early part of 1925 trustee Cutler sold a farm in the town of Albany to the defendant, and agreed at the time to furnish with the farm a dairy of cows, a team, and to do certain repairs. The purchase price was $8,250.00. To secure payment of said sum the defendant gave Cutler his note and mortgage upon the premises and a chattel mortgage upon the personal property, and also assigned as collateral security two other mortgages and notes, one of them having been given to the defendant by the trustee Moran. On the Moran note there was about $1,250.00 due.

By written agreement entered into between the trustee, Cutler, and the defendant, which was introduced in evidence and marked Plaintiff's Exhibit 3, it was provided that one-half of the cream checks received by the defendant should be paid to Cutler to apply on the indebtedness.

Cutler received cream checks, deposited them to his own personal account in the bank and drew his check to the defendant for the latter's half. Upon one occasion, which occurred before the service of the writ in this case, Cutler used all the

proceeds of the cream checks for the purchase of farm machinery which was put upon the farm.

Up to the 21st of May, 1925, the cream checks came made out to Cutler, but thereafter, by a rule of the milk dealers, the checks were made out to the producer, that is to the defendant. Thereafter the cream checks, though drawn to the defendant, were sent to the trustee Cutler.  The defendant indorsed them. Cutler deposited them to his personal account in the bank and thereafter drew his check for one-half of each and delivered it to the defendant.  The amount which Cutler received since the service of the writ upon him and paid to the defendant as the latter's one-half of the checks amounted to $343.19.

The record states that ''To the finding of the facts as aforesaid, the trustee took and was allowed an exception, on the ground that they were not supported by the evidence and that some of them were contrary to the evidence and misleading.''

The trustee also took and was allowed an exception to the judgment rendered ''on the ground that it was not supported by the facts found, nor by the evidence, nor actual facts in the case.''

WATSON, C. J.   [1]   The exception to the findings of facts is too general to be available.  No particular finding is pointed out, nor is any particular fault indicated.  *Landon* v. *Hunt*, 82 Vt. 322, 73 Atl. 865; *Eastern States, etc., League* v. *Estate of Vail*, 97 Vt. 495, 124 Atl. 568, 38 A. L. R. 845.

[2, 3]   Since there is no available exception to the findings, we will not look back of them to ascertain whether the evidence supports the judgment.  *Laplante* v. *Camp*, 96 Vt. 412, 120 Atl. 860.  And the exception to the judgment raises only the question whether the findings are such as to support the judgment.  *Morgan* v. *Gould*, 96 Vt. 275, 119 Atl. 517; *Crosby's Admr.* v. *Naatz*, 98 Vt. 226, 126 Atl. 547.

[4]   The trustee, in his brief, invokes the provisions of G. L. 1999, which provide that a trustee may deduct from the goods, effects and credits in his hands, his demands against the defendant on contract, express or implied, and shall be liable for the balance only after such demands are adjusted, citing *Lynde* v. *Watson*, 52 Vt. 648, in which case it was held that such demands against the defendant, whether due or not yet due, are covered by the statute.  But the trouble with the trustee's

position in this respect is that he did not make this question below, and not being made in that court it cannot be made here in review. *Blaisdell and Barron, Admrs.* v. *School District,* 72 Vt. 63, 47 Atl. 173; *Lynds* v. *Plymouth,* 73 Vt. 216, 50 Atl. 1083.

For the same reason the trustee cannot now raise the question that the fund, for which he is held chargeable, is jointly owned by the defendant and his wife, and so not subject to attachment for the sole debt of defendant. In addition to the fact that such joint ownership was not claimed below, counsel for the trustee expressly stated to the court ''that all the ownership of those checks was jointly between Mr. Cutler, the trustee, and the defendant.''

Under the agreement between the defendant and the trustee, one-half of the cream checks received by the defendant should be paid to the trustee to apply on the note given him for the purchase price of the farm. Up to May 21, 1925, the cream checks came from the milk dealers, made out payable to the order of the trustee; but thereafter the checks were made out to the defendant, but were sent to the trustee, and the defendant indorsed them. The trustee deposited them to his personal account in the bank and thereafter drew his own check for one-half of each and delivered it to the defendant. The amount which the trustee received after the service of the writ upon him and thus paid to the defendant as the latter's one-half of the checks was $343.19.

It is urged that even though the trustee did deposit in the bank the cream checks to his own personal account and then drew his check upon his account in the bank, that would not justify the judgment rendered; that depositing the checks in the bank did not change the relation of the parties to them; that as money belonging to the defendant it was never in the possession of the trustee, and there was never in the latter's possession property belonging to the defendant in his own separate right; that although the trustee may have drawn a check upon his account after making a deposit of the cream checks, this would have no significance without showing that the check drawn was upon the proceeds of the deposited cream checks, and this does not appear from the findings.

If a showing to the effect last stated were essential to the affirmance of the judgment, we would presume that the court below drew such an inference, as it well might, from the other

facts found. But such a showing was not essential to the plaintiff's right of judgment against the trustee.

[5]   It is very likely true that so long as the cream checks as such remained in the possession of the trustee, one of the joint owners thereof, they were not subject to trustee process for the sole debt of the defendant, the other joint owner. *Willard* v. *Wing,* 70 Vt. 123, 39 Atl. 632, 67 A. S. R. 657. But when the trustee deposited them to his personal account in the bank, and applied his half thereof as part payments on the farm note, he in legal effect satisfied his own one-half interest therein, and thereafter held the other one-half interest as money or its equivalent belonging to the defendant. *Meacham* v. *McCorbitt,* 2 Met. (Mass.) 352; *Hancock* v. *Colyer,* 103 Mass. 396; *Earle* v. *Whiting,* 196 Mass. 371, 82 N. E. 32. By applying his definite share of each cream check, after it was thus deposited, as a payment on said note, and giving his own check to the defendant for the other like definite share, the trustee considered such deposits as equivalent to money and accounted to the defendant for his portion thereof as such. It thus appearing that the trustee received that which was considered equivalent to money and accounted for it as such, the case falls within the class where an action for money had and received would lie in favor of the principal defendant against the trustee (*Burnap* v. *Partridge,* 3 Vt. 144; *Kidney* v. *Persons,* 41 Vt. 386, 98 A. D. 595), and so the latter is chargeable in this action as held below, the attaching creditor standing in the shoes of the principal defendant. *Kettle* v. *Harvey,* 21 Vt. 301; *Smith* v. *Stratton,* 56 Vt. 362; *Husted* v. *Stone,* 69 Vt. 149, 37 Atl. 253; *Baldwin* v. *Percival,* 88 Vt. 211, 92 Atl. 101. The foregoing in effect disposes of all the questions properly presented for review.

*Judgment affirmed.*