# A. J. HUNT *v.* B. PAQUETTE.

January Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed February 5, 1930.

W. C. *Lindsay* for the defendant.

*Walter H. Cleary* for the plaintiff.

MOULTON, J. This case was tried without a jury, by the municipal court of Orleans County. The facts having been found, judgment was entered for the plaintiff, and the defendant excepted.

The filing stamped upon the bill of exception indicates that this was done with the county clerk of Orleans County. In *Jones* v. *Metcalf*, 95 Vt. 67, 68, 112 Atl. 831, we held that a bill of exceptions in a case in municipal court must be filed with the clerk of such court, under the provisions of G. L. 1647. The failure to do so here is a defect which touches our jurisdiction. *Trask* v. *Trask's Estate*, 99 Vt. 353, 354, 132 Atl. 136; *Hotel Vermont Co.* v. *Cosgriff*, 89 Vt. 173, 175, 94 Atl. 496. We do not wait for the parties to make the claim that there is no case here but act upon our own motion in dismissing the exceptions. *Saund* v. *Saund*, 100 Vt. 176, 178, 136 Atl. 22; *Hinsman* v. *Marble Savings Bank*, 100 Vt. 48, 50, 51, 134 Atl. 635; *Filmore, Admr.* v. *Morgan's Estate*, 93 Vt. 491, 493, 108 Atl. 840.

But even if the exceptions had been properly filed, no question would be presented for review. The bill, as signed by the municipal judge, provided for its amendment within thirty days from its date. A so-called "Amended Bill of Exceptions" appears, but it is not signed by the judge. By G. L. 1647 a cause is passed to the Supreme Court from a municipal court, on exceptions, in the same manner as if passing from the county court. In the latter case, the bill must be signed by the presiding judge within the time limited. G. L. 2258. *Trask* v. *Trask's Estate, supra.* If this is not done we are without jurisdiction to pass upon the exception. *Tucker* v. *Yandow*, 100 Vt. 169, 171, 135 Atl. 600. And such is the case here, so far as the so-called "Amended Bill" is concerned, because of the absence of the required signature.

In the signed bill, it is stated that "the defendant excepted to the findings of facts and to the judgment of the court." Since no particular finding is pointed out, and no particular fault is indicated, this exception is too general to be available. *Bemis* v. *Aldrich et al.*, 102 Vt. 277, 147 Atl. 693, 694; *Royal Bank* v. *Girard*, 100 Vt. 117, 119, 135 Atl. 497; *Landon* v. *Hunt*, 82 Vt. 322, 324, 73 Atl. 865.

The transcript is referred to and made a part of the exceptions and controlling as to all of them. No exception to findings or judgment appears therein. In his brief the defendant claims error in certain rulings of the trial court relating to the admission and exclusion of evidence. But an examination of the transcript fails to show that an exception was taken to any of the rulings concerning which complaint is made, and so no question is reserved for consideration here. *McAndrews* v. *Leonard*, 99 Vt. 512, 519, 134 Atl. 710; *Green* v. *Dodge*, 79 Vt. 73, 80, 64 Atl. 499.

*Exceptions dismissed.*