CHARLES CAMPBELL *v.* CYRIL RYAN ET AL.

October Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 4, 1941.

*Roland E. Stevens* for plaintiff.

*Henry F. Black* for defendants.

JEFFORDS, J. This is an action of contract. Trial was had by the Hartford Municipal Court without a jury. Judgment was rendered for the defendants and the case is here on plaintiff's bill of exceptions.

The only exception to the findings to be found in the record appears in the bill of exceptions wherein it is stated that the plaintiff "excepts to these findings as indefinite, inconclusive, contrary to the evidence, against the weight of the evidence, and insufficient to support a judgment." This exception is too general to be available since no particular finding is pointed out, and no particular fault is indicated. *Hunt* v. *Paquette,* 102 Vt. 403, 148 Atl. 752; *Bemis* v. *Aldrich et al.,* 102 Vt. 277, 147 Atl. 693; *Royal Bank of Canada* v. *Girard et al.,* 100 Vt. 117, 135 Atl. 497. Since there is no available exception to the findings, we will not look back of them to ascertain whether the evidence supports the judgment. *Royal Bank of Canada* v. *Girard et al., supra.*

The plaintiff filed requests for additional findings which

240

were denied. In the bill of exceptions it is merely stated that an exception was granted the plaintiff to the overruling of his requests. We have held repeatedly that such a general exception reserves nothing for review. *Utley* v. *Town School District*, 110 Vt. 522, 529, 9 Atl. 2d. 117; *Susena* v. *Recor*, 103 Vt. 447, 156 Atl. 416; *Platt, Admx.* v. *Shields and Conant*, 96 Vt. 257, 266, 119 Atl. 520.

The only question for our determination raised by the exception to the judgment is whether the judgment is warranted by the facts found. *Levin* v. *Rouille*, 110 Vt. 126, 2 Atl. 2d. 196; *Royal Bank of Canada* v. *Girard et al., supra,* and cases cited therein. The only reason given by the plaintiff in his brief in support of the claim that the findings are not sufficient for that purpose is based on certain findings to the effect that the defendants had failed to prove their defense of a written contract entered into between the parties differing materially from the claimed oral contract relied upon by the plaintiff. The latter argues that because of these referred to findings the defendants were not entitled to a judgment. But other findings state, in effect, that the plaintiff did not carry out the terms of the contract relied upon by him for his right of recovery and that he failed to sustain his burden of proof. It is apparent that the judgment was based on these latter findings.

Every reasonable intendment is to be made in support of the judgment. Therefore, doubts arising on a bill of exceptions are to be resolved against the excepting party and doubtful findings are to be so read as to support the judgment, if they reasonably may be. *Town of Manchester* v. *Town of Townshend,* 110 Vt. 136, 144, 2 Atl. 2d. 207; *Reed* v. *Hendee*, 100 Vt. 351, 137 Atl. 329 and cases cited therein. Although the findings might well have been better drafted, they are sufficient under the rules of construction above set forth to support the judgment rendered.

*Judgment affirmed.*