MURPHY (COMMONWEALTH v.). See Case No. 8,067.

MURPHY (DUDEN v.). See Case No. 4,113.

## Case No. 9,949.

MURPHY et al. v. EASTHAM et al.

[Holmes, 113; 5 Fish. Pat. Cas. 306; 2 O. G. 61; Merw. Pat. Inv. 130.] [1]

Circuit Court, D. Massachusetts. Feb. 23, 1872.

PATENTS—PRIOR INVENTION—EXPERIMENTS—DIFFERENT FORMS IN WHICH INVENTION MAY BE COPIED—RUBBER BRUSH-HEAD.

1. The fact that articles were constructed as experiments, but never made public, and ultimately abandoned and lost, does not affect the right of a subsequent original inventor of substantially the same article to take out a patent for his invention.

2. In contemplation of law, a patentee is deemed to claim the thing patented, however its form and proportions may be varied.

3. A patentee described and claimed a brush, having around the head, near the bristles, an angular groove, in which was placed a band of rubber made in the form of a parallelogram or rhombus, with one of its angles projecting outwards, so as to prevent the hard brush-head from coming in contact with the glass or other surface to be washed or dusted; the defendants' brushes had around the head, near the bristles, a semi-circular groove, in which was fitted a round rubber band, for the same purpose as the patentee's band. *Held*, that, as the operative part of the band could come in contact with the surface to be brushed only on one line in the periphery of the band, it was immaterial whether the band was round or angular in shape, or whether the groove was semi-circular, or polygonal, or triangular; and that the defendants infringed.

Final hearing on pleadings and proofs.

Suit brought [by Thomas E. Murphy and others against William W. Eastham and George G. Morris] upon letters patent [No. 98,787] for an "improvement in brush-head,"

granted to Francis McLaughlin, January 11, 1870, and assigned to complainants. The invention is fully described in the opinion, and is illustrated in the accompanying drawing, in which A represents the brush-head, and a,

[1] [Reported by Jabez S. Holmes, Esq., and Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from Holmes, 113, and the statement from 5 Fish. Pat. Cas. 306, Merw. Pat. Inv. 130, contains only a partial report.]

a, a, the band of rubber, with its projecting edge.

J. E. Maynadier and J. E. Newton, for complainants.

C. T. & T. H. Russell and H. W. Suter, for defendants.

SHEPLEY, Circuit Judge. Letters patent were issued to Francis McLaughlin on January 11, 1870, for an improved brush. The object of the invention was to obviate the danger of breaking glass and injuring the surface of the wood or other substance to be washed or dusted by contact with the brush-head. To obviate this difficulty, the patentee put around the brush-head or stock a circular band of rubber, in the form of a parallelogram or rhombus, with one of its angles projecting outward, and near the bristles or washing material. A groove was made in the brush-head or stock near the bristles, and in this groove was placed a circular band, the band being made in the form of a parallelogram, so that the ring fitting into the groove or furrow, which had a sharp angle in it presented a sharp angle outward.

The patentee claimed as his invention the combination and arrangement of the brush-head, constructed as described in his specification, and provided with an angular groove or furrow around the lower side, with the rubber ring fitting therein, as and for the purpose specified.

The defendants, in their answer, deny that McLaughlin was the first and original inventor of the improvement for which the letters patent issued, and which have been assigned to the complainants, and allege that the improvement claimed by him as new was described in letters patent granted in England to W. T. Monzani, June 25, 1854, and set forth in No. 1348 of the volume of specifications of English patents for that year; also in an application made by W. E. Williams to the United States patent office, rejected April 1, 1868; also in an application made to said office by J. H. Crittenden, rejected May 22, 1868. Defendants also set up prior knowledge and use by said Williams and Crittenden, and by the defendants themselves, and by the firm of Eastham, Harvey & Morris, of which defendants are members. The answer also alleges that the thing patented was in public use and on sale in this country more than two years before the application for the patent.

Monzani's patent was merely for covering with vulcanized rubber those parts of brushes or brooms which in their use are liable to be struck against places or things which are to be dusted or cleaned thereby. It was referred to and described in the specification of McLaughlin, and disclaimed by him.

Crittenden's specification described the same thing substantially as Monzani's. Crittenden claimed the application of rubber, felt, cloth, leather, or any elastic material to the ends and corners of broom and brush-heads, as set

forth and described. This application was rightfully rejected. There is nothing in these patents or rejected applications to invalidate the McLaughlin patent. They were probably introduced in evidence only as illustrating the state of the art and aiding in the construction of the claims in the complainants' patent.

Respondents also offer evidence tending to show that, prior to the date of the McLaughlin invention, they made, in the fall of 1867, first, a brush with a block or head, with a projecting shoulder, by which a square vulcanized rubber band was attached upon the block for the purpose of keeping the head of the brush from injuring the wood-work; second, a similar brush, with a circular groove and a round band; and, third, a brush with a cork block or head inserted in a tin cover. Around the edges of this cover was a projecting shoulder, and round the edge of this cover, and held in place by this shoulder, a square vulcanized India-rubber band. Brushes made in the similitude of these three forms of brushes are put into the case. No brush made in either of these forms before the date of McLaughlin's invention is produced in evidence, and there is no reason from the testimony to believe that any one is in existence. The testimony is conflicting as to their form and structure; but it leaves no doubt on the mind of the court that, whatever they were, and whenever and howsoever constructed, they were mere experiments. They were never put upon the market; they never came into practical use; they were never sold; they were not even thought worthy of preservation; and can not now be found. Such brushes, if previously constructed in the form contended for by respondents, as experiments, and never made public or brought to the knowledge of McLaughlin, and ultimately abandoned and lost, could be no obstacle to his right to take out a patent.

Considering the patent of the complainants to be good and valid, we proceed to the consideration of the question of infringement. Respondents, by their answer and in the affidavits referred to in the answer, admit infringement by the sale of brushes with the angular groove or furrow, and with an angular rubber ring fitting therein. They also admit that they do make, and claim the right to make, brushes with a circular groove and band, as shown in Exhibit No. 3, which they claim do not infringe the complainants' rights under their patent.

The patentee, in his specification and claim, has only described one geometrical form of groove or furrow, and three geometrical forms for the rubber ring—i. e., the parallelogram, rhombus, and triangle. Perhaps a strict construction of the language would exclude the triangle from the list of forms of the rubber ring in the claim. The patentee does not, as is sometimes done, claim in terms the thing patented, however its form and proportions may be varied; but the law so interprets his claim without the addition of these words. In contemplation of law, after he has fully described his invention and shown its principles, and claimed it in a form which perfectly embodies it, unless he disclaims other forms, he is deemed to claim every form in which his invention may be copied.

Undoubtedly, in some cases the letters patent include only the particular form described and claimed, not for the reason that the patentee has described and claimed that form only, but because the invention consists in form only, and only in that form can be embodied, so that when the form is not copied, the invention is not used. Winans v. Denmead, 15 How. [56 U. S.] 343.

We must look, therefore, into the nature of the invention, and see whether its form and its substance are inseparable. If they are inseparable, then the respondents, having changed the form, do not copy the substance of the invention; but if they are separable, and the substance of the invention which the patent is designed to secure is to be found in the manufactures of the respondents, although copied and embodied in a form not described, or differing from the form described and specifically claimed by the patentee, then they have infringed. The invention, as described and claimed, is for a brush-head, provided with an angular groove or furrow, with an India-rubber band in that furrow. As the operative part of the rubber band can come in contact with the wood or glass to be dusted or brushed only at one line in the periphery of the band, it can make no difference in the result whether the shape of the rubber is circular or angular; whether a cross-section of the rubber band would be a parallelogram, a rhombus, or —what a circle practically is—a many-sided polygon; or whether the shape of the groove be semi-circular or polygonal or triangular. They would accomplish the same result, in the same manner, and by the same means. Cut away from the defendants' band a segment of the circle on both sides of the line in the periphery of the band where it touches the glass to be brushed, and you have only removed a superfluous and inoperative part; and the same principle, mutatis mutandis, applies to the band in the groove and the groove itself. One geometrical form as much as the other may embody the substance of this invention, and copy and use the invention itself. Decree for injunction and account.

[For another case involving this patent, see Murphy v. Kissling, Case No. 9,950.]