## Selah H. Brooks *v.* Herbert I. Holmes.

November Term, 1943.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed January 4, 1944.

*George R. McKee* for the plaintiff.

*Theriault & Hunt* for the defendant.

Jeffords, J. This is an action of tort tried by the court without a jury. From the findings the following material facts appear: Shortly after seven o'clock in the evening of March 23, 1941, the plaintiff was driving his car down hill on Northfield street in the city of Montpelier and the defendant was driving up the hill. When the cars were about 350 feet apart the defendant saw the lights of plaintiff's car. At that time the rear wheel of the plaintiff's car struck a mound of ice in the road which caused it to skid to its left on the pavement which was very slippery. The car continued in its skid down the hill for about 150 feet until its left side came in contact with the left front wheel of the defendant's car. When the collision occurred the front end of the plaintiff's car was on the plaintiff's right hand side of the road but the rear end was at an angle of 30 degrees, and partly over on the defend-

ant's side of the road. When the plaintiff's car began to skid, and at the time of contact, it was travelling between 15 and 18 miles per hour.

When the defendant saw the lights of the other car he was travelling about 20 miles per hour on his own side of the road and continued on that side up to the time of the collision. The defendant did not see that the plaintiff's car was skidding in the highway over "onto" his side of the road until he was within a short distance of the plaintiff's car. About 3 seconds elapsed between the time the defendant saw the other car skidding "on" the defendant's side of the road and the time of impact. The defendant immediately took his foot off from the accelerator and put it on the brake and pulled farther to his right hand side of the road when he saw that the rear end of the other car was bound to skid into the front end of his car. Immediately before the collision the defendant could have stopped his car within a distance of 20 feet.

The following finding was made: "That on account of the short space of time that elapsed between the time that the defendant saw the plaintiff's car skidding on his side of the road, and the time of the collision, the court finds that there was nothing that the defendant could have done to have avoided the collision".

The plaintiff made a motion for a judgment in his favor on the facts as found. This motion was denied and judgment entered for the defendant. To these rulings the plaintiff excepted. These exceptions, together with one relating to the refusal to grant a certain requested finding are the only ones presented here for consideration.

The requested finding just referred to was as follows: "That the defendant as a reasonable man ought to have seen that the plaintiff's car was in a skid immediately after plaintiff's car hit the mound of ice and skidded to the left as described in the court's finding".

The plaintiff's position is, in substance, that the above quoted finding of lack of negligence on the part of the defendant and the judgment in the latter's favor is based on the defendant's conduct after he saw that the plaintiff's car was skidding rather than as of the time when he ought to have seen the skidding. The plaintiff says the defendant, in the exercise of reasonable care, ought to have seen that the other car was out of control immediately after it hit the mound of ice, or, in any event sooner than 3 seconds be-

fore the collision. The plaintiff claims that the defendant should have seen the skidding before he did, and that, if he had so seen it, the collision could have been avoided or at least rendered less severe.

■■ We agree with the plaintiff that the defendant's conduct is to be measured by what he, in the exercise of reasonable care, ought to have seen rather than by what he actually saw in regard to the skidding. This test is to be applied to the first count in the declaration based on negligence on the part of the defendant and due care by the plaintiff, *Waterlund* v. *Billings*, 112 Vt 256, 264, 23 A2d 540, and to the second count predicated on the last clear chance doctrine. *Dent, Admr.* v. *Bellows Falls, etc. Ry. Co.*, 95 Vt 523, 529, 530, 116 A 83. But every reasonable intendment is to be made in support of the judgment and we may presume in its support that the trial court inferred a fact warranted by the facts found. *Nelson* v. *Travelers Ins. Co.*, 113 Vt 86, 89, 98, 30 A2d 75, and cases cited. This accident happened when it was dark. The slippery surface of the road required the defendant to give close attention to his driving. When the collision occurred the front end of the plaintiff's car was still on the plaintiff's side of the road. It is clear the defendant, however vigilant at the time, might well not have seen immediately when the other car came in contact with the mound of ice that skidding had resulted. It is apparent that it cannot be said with certainty that the defendant, in the exercise of reasonable care, ought to have discovered the skidding before the two cars were close enough so the lights of his car would pick up the body of the other car. In view of these facts and circumstances it is fair to presume the trial court inferred that the time when the defendant saw the other car was skidding and the time when he ought to have seen the skidding were the same. We certainly cannot hold as a matter of law that this inference could not reasonably have been made.

The plaintiff also contends that the above quoted finding is inconsistent with the finding that 3 seconds elapsed between the time the defendant saw the other car skidding on his side of the road and the finding that immediately before the collision the defendant could have stopped his car within a distance of 20 feet. But there is not necessarily any inconsistency in this respect. The defendant did apply his brake and pull farther to the right when he saw a collision was imminent. There is no finding as to the length of

time it would have taken to have stopped the car within 20 feet. But assuming it could have been brought to a full stop within 3 seconds, it seems clear the collision would have occurred, although possibly not at the exact place it did.

The exception to the judgment raises only the question whether the findings are such as to support the judgment. *Royal Bank of Canada* v. *Girard,* 100 Vt 117, 119, 135 A 497; *Campbell* v. *Ryan,* 112 Vt 238, 240, 22 A2d 502. The findings here with the reasonable inferences to be drawn therefrom fully support the judgment for the defendant. It necessarily follows that the plaintiff's motion for judgment was properly denied.

It is apparent from what we have said that there was no error in the court's refusal to grant the above quoted requested finding.

*Judgment affirmed.*