## NOE DUCHAINE *v.* M. G. ZAETZ.

May Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 2, 1945.

*Louis Lisman* for the defendant.

*Charles F. Black* and *J. H. Macomber, Jr.,* for the plaintiff.

SHERBURNE, J.   This is an action of contract in the common counts, with a specification showing items for labor and materials

to the amount of $622.05 and a credit of $150.00 for cash received, and showing a balance due of $472.05. Trial was by court. In its findings the court recites that the plaintiff seeks to recover the above balance for labor and materials put into defendant's furniture manufacturing plant, and that the defendant in his answer alleges that the plaintiff agreed to do the job for $350.00 and that there was a definite contract between the parties. It was found that the plaintiff installed in defendant's plant a ventilator, three feeder boxes and piping to convey materials, and constructed one supply and feed box for a garnet machine and pipe to picker machine, and constructed a louver and did certain other work. Findings 9, 10, 11, 12, 13, 14, and the concluding paragraph read as follows:

"(9) That the defendant was charged according to the prevailing charges for work of this nature.

"(10) That the plaintiff received as payment for this job to date, one check, No. 29148 in the sum of $150.00 signed by Leoh Zaetz.

"(11) That the plaintiff has never received any further payment, but that the defendant sent him a check for $200.00 which was refused by the plaintiff.

"(12) That from all the evidence introduced by the parties, there was no agreed contract price made by the parties to do this work.

"(13) That the defendant has not met the burden of proof in proving that there was an agreed contract price and the Court so finds.

"(14) That the plaintiff is entitled to recover for labor expended and materials used.

"I find that the plaintiff is entitled to recover the sum of $472.05, which is the balance due for labor and materials as shown on plaintiff's specifications filed with this court, . . ."

Under his exception to the judgment the defendant contends that the findings are insufficient to support the judgment. Before discussing the merits of this exception we will first take up plaintiff's claim that it is unavailing because it fails to specify the grounds upon which it is claimed that the findings do not support the judgment.

A general exception to the judgment reaches every question involved in the rendition of the judgment and necessary to its validity, but it does not reach back of the findings. *Eddy & Co.* v. *Field,* 85 Vt 188, 81 A 249; *Morgan* v. *Gould,* 96 Vt 275, 280, 119 A 517; *Mott* v. *Bourgeois,* 109 Vt 514, 521, 1 A2d 704; *Glass* v. *Newport Clothing Co.,* 110 Vt 368, 372, 8 A2d 651. As shown by these and the following cases, such an exception raises the question of the sufficiency of the findings to support the particular judgment rendered. *Crosby's Admrs.* v. *Naatz,* 98 Vt 226, 229, 126 A 547; *Royal Bank of Canada* v. *Girard,* 100 Vt 117, 119, 135 A 497; *Babcock* v. *Carter,* 102 Vt 137, 146 A 250; *Roberge* v. *Troy,* 105 Vt 134, 143, 163 A 770; *Greenwood* v. *Lamson,* 106 Vt 37, 41, 168 A 915; *Finn* v. *Holden,* 106 Vt 513, 515, 175 A 231; *McNaughton* v. *Granite City Auto Sales, Inc.,* 108 Vt 130, 132, 183 A 340; *Nelson* v. *State Highway Board,* 110 Vt 44, 49, 1 A2d 689, 118 ALR 915; *Levin* v. *Rouille,* 110 Vt 126, 130, 2 A2d 196; *Wetmore* v. *Hooker Co. Inc.,* 111 Vt 519, 523, 18 A2d 181; *Campbell* v. *Ryan,* 112 Vt 238, 240, 22 A2d 502; *Little* v. *Loud,* 112 Vt 299, 304, 23 A2d 628; *Schwarz* v. *Avery,* 113 Vt 175, 180, 31 A2d 916; *Brooks* v. *Holmes,* 113 Vt 456, 459, 35 A2d 374. To the extent, if any, that the holding in *Hill* v. *Scott,* 101 Vt 356, 365, 143 A 276, conflicts with the above it is to be disregarded. The exception is for consideration.

Under his exception to the judgment the defendant argues that the findings are insufficient because there is no finding of the reasonable value of the labor and materials furnished, and because there is no finding that the defendant requested plaintiff's services, or assented to receiving them, or voluntarily accepted the benefit of them.

When labor and materials are furnished under a contract silent as to the amount to be paid therefor, the law implies that they are to be settled for at a reasonable rate. *Enos* v. *Owens Slate Co.,* 104 Vt 329, 335, 336, 160 A 185. The prevailing charges for such work tend to show what the reasonable rate is. *Vilas* v. *Downer,* 21 Vt 419, 425; *Winslow* v. *Fraser,* 30 Vt 522, 525; *Davis* v. *Cotey,* 70 Vt 120, 122, 39 A 628; *Platt, Admx.* v. *Shields,* 96 Vt 257, 269, 119 A 520; *Enos* v. *Owens Slate Co., supra.* Every reasonable intendment is to be made in support of the judgment, and doubtful findings are to be so read as to support the judgment, if they reasonably may be. *Reed* v. *Hendee,* 100 Vt 351, 354, 137

A 329; *Manchester* v. *Townshend,* 110 Vt 136, 144, 2 A2d 207; *Campbell* v. *Ryan,* 112 Vt 238, 240, 22 A2d 502; *Montpelier* v. *Calais,* 114 Vt 5, 8, 39 A2d 350. This Court will presume in favor of the judgment that the court below inferred such facts from those certified up as it ought to have inferred, or as it fairly might have inferred. *Labor* v. *Carpenter,* 102 Vt 418, 422, 148 A 867; *University of Vermont* v. *Wilber's Estate,* 105 Vt 147, 174, 163 A 572; *Fair Haven* v. *Stannard,* 111 Vt 49, 53, 10 A2d 214; *Albertson* v. *Bray Wood Heel Co.,* 113 Vt 184, 189, 32 A2d 125.

The findings recite that the defendant in his answer alleges that the plaintiff agreed to do the job for a definite price and that there was a definite contract between the parties. The court, however, found that there was no agreed contract price. Under this situation the court might fairly have inferred that the labor and materials were furnished at the request of the defendant under a contract silent as to the amount to be paid therefor, and we will so assume in support of the judgment. Such inference supports finding 14 that the plaintiff is entitled to recover for labor expended and materials used.

The findings detail the work done and, after stating that the defendant was charged according to the prevailing charges for work of this nature, and after showing the receipt of a payment of $150.00 and the tender of a check for $200.00, state that the plaintiff is entitled to recover, and conclude by stating that the plaintiff is entitled to recover the sum of $472.05, which is the balance due for labor and materials as shown on plaintiff's specifications. There can be no doubt that the reasonable intent of the findings is that the charges were reasonable and that the balance due for labor and materials, after deducting the payment, reasonably amounted to the stated sum, and we so construe the findings in support of the judgment.

We do not construe the ultimate finding as making the specifications the basis of the judgment, as the defendant claims, but as simply stating that the amount found due agrees with the amount sought to be recovered. Nor is this finding an unsupported conclusion of law, as the defendant argues, but a mixed statement of law and fact. This finding supplements finding 14 that the plaintiff is entitled to recover, by stating the amount of recovery. The finding of the amount is not insufficient because of the failure

to more fully describe the things constructed or to state what materials were used and the time consumed in doing the work, and because of the failure to state what the charges were or to indicate that they were the equivalent of the damages found by the court, as the defendant argues. *Allen's Admr.* v. *Allen's Admrs.,* 79 Vt 173, 186, 64 A 1110; *Partridge* v. *Cole,* 98 Vt 373, 375, 127 A 653; *Trask* v. *Walker's Estate,* 100 Vt 51, 65, 134 A 853; *Patch* v. *Squires,* 105 Vt 405, 411, 165 A 919; *Taylor* v. *Henderson,* 112 Vt 107, 116, 22 A2d 318; *Montpelier* v. *Calais,* 114 Vt 5, 8, 39 A2d 350.

The exception is not sustained.

*Judgment affirmed.*