KESSLER *v.* EMMEL.

(50 A2d 604)

Special Term at Rutland, November, 1946.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 7, 1947.

*Philip M. M. Phelps* for the plaintiff.

*Clayton H. Kinney* for the defendant.

*Wayne C. Bosworth,* as *amicus curiae,* for Leroy C. Russell, Clerk.

BUTTLES, J. This action was brought to recover damages resulting from an automobile accident which is conceded to have occurred on December 11, 1942. Hearings were held by the court on motions made by the parties, by the clerk of the court, and by the officer who served the writ, directed to alleged errors and irregularities in the date of the writ and in the date of service as shown by the return thereon. It is not necessary to consider each of these motions.

After the other motions had been disposed of the defendant moved for judgment, and the court adjudged that the plaintiff's cause of action was barred by the statute of limitations, and gave judgment for the defendant to recover his costs. The determinative question before us on the plaintiff's exceptions is whether the cause of action is so barred.

From concessions of the parties and from findings made by the court in ruling on the motions referred to, these facts appear. The writ in this case was presented by a deputy sheriff to the clerk of Addison County Court, hereinafter termed the clerk, on Dec. 13, 1945, and was signed by him on that date. It was also served by the officer, returned and entered in the office of the clerk of Addison County Court on the same date. When first presented to the Addison County clerk the writ bore date Dec. 8, 1945, and also bore the signature of Robert J. Rousseau, who is the clerk of Chittenden County Court. This signature the Addison County clerk struck out and affixed his own signature as clerk in lieu thereof. At the same time he made changes in the date line of the writ so as to indicate that it had been dated at Middlebury in

the County of Addison instead of at Burlington in the County of Chittenden, but the date, Dec. 8th, was not then changed. Later, after the writ had been entered in the clerk's office, an unauthorized change in the date of the writ to read Dec. 13th was mistakenly made. Subsequently, on motion of the clerk, the court ordered that the date Dec. 13th be struck out and that the date Dec. 8th be reinstated.

▮▮▮ When was this action commenced? The rule in this State is that the service of the writ is the commencement of the suit for the recovery of damages and for most purposes, except for interrupting the running of the statute of limitations. Until its service no jurisdiction is acquired over the defendant. Until then the defendant is not called upon to reply, and when demand must be made to perfect a right of action it is sufficient if it precede the service of the writ. *Stanley* v. *Turner,* 68 Vt 315, 316, 35 A 321; *Hall* v. *Peck,* 10 Vt 474, 479; *McDaniels* v. *Reed,* 17 Vt 674, 679; *People's Trust Co.* v. *Billado,* 108 Vt 27, 29, 182 A 206; *Kirby* v. *Jackson,* 42 Vt 552, 554. But the rule is settled that the taking out of the writ is the commencement of an action to save the statute of limitations if delivered for service in season to be served and returned to the court to which it is made returnable and is so served; and the date of the writ is prima facie evidence that it issued at that date. *Chapman* v. *Goodrich,* 55 Vt 354, 355; *Allen* v. *Mann,* 1 D. Chipman, 94; *Day* v. *Lamb,* 7 Vt 426, 430; *Kirby* v. *Jackson, supra.*

In *Glass* v. *Starr,* 113 Vt 243, 244, 32 A2d 123, 124, this statement is made: "It is also apparent from the wording of § 1512 the Legislature intended that the date appearing in the writ should be conclusively taken as showing the date of its issuance." The question there in issue was whether "such 21 days" within which process is required by P. L. § 1512 to be entered and docketed are to be computed from the date of the process or from the date of its issuance, both of which are mentioned in P. L. § 1511. The interruption of the running of a statute of limitations by the commencement of an action was not an issue or relevant to any issue in that case, and the statement referred to is not to be considered authoritative as to that issue.

▮ It was agreed in court, on the record, by counsel for both parties and counsel for the clerk, as amicus curiae, that the clerk

in fact signed the writ on December 13, 1945. This was a judi‑ cial admission which, in the absence of a withdrawal of the same by leave of court, was conclusive of the fact that the writ issued on that date. *United States* v. *Fid. & Guar. Co.,* 83 Vt 278, 281, 75 A 280; *Coolidge* v. *Taylor,* 85 Vt 39, 53, 80 A 1038. The prima facie evidence that the writ issued on Dec. 8th was thus nullified and the action was barred by the three year statute of limitations before the writ issued.

*Judgment affirmed.*