Owen E. McAllister et als. *v.* Northern Oil Co., Inc.
(64 A2d 31)

November Term, 1948.

Present: Moulton, C. J., Buttles, Jeffords and Cleary, JJ.,
and Adams, Supr. J.

Opinion filed January 5, 1949.

Opinion on Motion for reargument filed February 15, 1949.

*Louis Lisman* for the defendant.

*Finn & Monti* for the plaintiffs.

CLEARY, J. This is an action of contract in special assumpsit, with a second count in general assumpsit and specifications, to recover rents under a written lease from the plaintiffs' assignor, the United States Clothespin Company, to the defendant. Judgment was for the plaintiffs to recover for rent of the premises from July 1, 1940, to Jan. 31, 1947, and the only issue here is whether the findings are sufficient to support the judgment.

The judgment included rent from July 1, 1940, when the defendant ceased paying rent, to February 7, 1941, which was six years prior to the date when the writ issued. The defendant claims that the rent for that period is barred by the statute of limitations. The plaintiffs claim that the applicable statute is that which governs specialties, and not that governing other contracts, and, therefore, that this rent is governed by the eight year statute and the action as to that rent is not barred.

■■ The rule in this state with respect to the statute of limitations is that the action is deemed to have been commenced at the time the writ issues. *Tracy* v. *Grand Trunk Ry. Co.,* 76 Vt 313, 319-20, 57 A 104; *Peoples Trust Co.* v. *Billado,* 108 Vt 27, 29, 182 A 206. The writ in this case is dated February 7, 1947, which is at least prima facie evidence of the date of the issuance of the writ. *Glass* v. *Starr,* 113 Vt 243, 244-5, 32 A2d 123; *Kessler* v. *Emmell,* 115 Vt 54, 50 A2d 604. Therefore, it is apparent on the record that if the six years statute is applicable, the rent claimed for the period from July 1, 1940, to February 7, 1941, cannot be collected in this action.

Our statutes provide that actions of contract shall be brought within six years after cause of action accrues but that in actions on specialties the limitation is eight years. P. L. § 1645, 1648, V. S. (1947) § 1686, 1689.

■ The plaintiffs, having pleaded that the lease is a specialty, had the burden of proving that the instrument on which they relied was a specialty. *Copen* v. *Woodrow,* 51 Vt 106 at 107-108. *In re Estate of Delligan,* 111 Vt 227 at 237, 13 A2nd 282.

A specialty is a writing sealed and delivered—a contract under seal. *Brainard* v. *Stewart,* 33 Vt 402, 404; *Coral Gables Inc.* v. *Christopher,* 108 Vt 414, 417, 189 A 147, 109 ALR 474. The contract here in question conveyed an interest in lands and our statute, P. L. § 2592, now V. S. (1947) § 2643, requires that it be signed and sealed by the grantor. P. L. § 34 and § 35, V. S. (1947) § 35 and § 36 provide that when a seal of a corporation is required to be affixed to a paper or on an instrument or writing to make it legal and valid, the word "seal" shall include an impression of the official seal made upon paper alone.

The plaintiffs introduced in evidence a certified copy of the record of the lease taken from the records of the clerk of the City of Montpelier where the leased land was situate. It is set forth in full in the findings of fact. The instrument bears a circle over the names of the grantor and its officers who executed the instrument. The instrument states that the parties set their hands and seals to it and that it was signed, sealed and delivered in the presence of two persons whose names appear on it. The court found that the circle represents the corporate seal of the grantor, which was the plaintiffs' assignor and found rent due from July 1, 1940, to January 31, 1947.

The defendant argues that there was no evidence whatsoever of the character of the instrument or that the circle on it represented an impression of the official seal of the grantor.

■ But the only question raised by the bill of exceptions is whether the findings support the judgment. So the question whether the evidence supports the findings is not before us. *Duchaine* v. *Zaetz,* 114 Vt 274, 276, 44 A2d 165; *Campbell* v. *Ryan,* 112 Vt 238, 239-240, 22 A2d 502; *Levin* v. *Rouille,* 110 Vt 126, 130, 2 A2d 196; *Royal Bank of Canada* v. *Girard* et al, 100 Vt 117, 119, 135 A 497; *Pierce* v. *Torrey,* 101 Vt 366, 367, 143 A 543. The findings were sufficient to support the judgment for the rental period from July 1, 1940, to February 7, 1941.

The defendant claims it is not liable in this action for occupation of the premises after July 1, 1943, when the lease terminated because the plaintiffs cannot recover except under the lease.

The lease provides as follows: "The party of the second part has the right and option to continue this lease for an additional term of five years from and after July 1, 1943, upon the same terms and conditions as herein stated except that the monthly rental for said second five years shall be at the monthly rental of Fifty dollars. And in the event of such extension the right of removal of buildings, tanks and structures by the second party shall exist for the period of thirty days after the term of the additional five year period. In the event said second party decides to accept the lease of said premises for the additional term of five years he shall notify the first party in writing at least sixty days prior to the first day of July 1943, of his election to take said premises for the additional term".

The defendant argues that whether the plaintiffs are entitled to rent after July 1, 1943, all depends on whether the lease gave the defendant an option of extension or an option of renewal, that however it may be in other states, it is well recognized here that there is a distinction between a provision for an extension of a term and a renewal of a term and that the question is determined and settled by the two cases of *Quinn* v. *Valiquette,* 80 Vt 434, 68 A 515, 14 LNS 962, and *Buckland* v. *Tarble,* 95 Vt 87, 112 A 217.

Whether the option was one of extension or renewal the notice was for the benefit of the lessor and could be waived by the plaintiffs and their grantor. *McCam* v. *Bass,* 117 Me 548, 105 A 130; *Wood* v. *Edison Co.,* 184 Mass 523, 69 NE 364; *Stone* v. *St. Louis Stamping Co.,* 115 Mass 267, 29 NE 623. The landlord's consent or acquiescence indicating waiver of notice may be evidenced by any act showing his election. *Hobbs & Son* v. *Grand Trunk Ry. Co.,* 93 Vt 392, 395, 108 A 199. There, as here, was long occupancy, unexplained, which the court there said would be evidence of consent. Here we have the deed to the plaintiff given subject to the rights of the defendant and assigning to the plaintiff the grantor's rights to rentals due or to become due. That deed to the plaintiff was after the extended term of the defendant's lease had begun. Here we also have the bringing of this suit by the plaintiffs thus treating the defendant as a tenant rather than a trespasser. See *Dieter* v. *Scott,* 110 Vt 376, 385, 9 A2d 95, and *Clark* v. *Jones,* 1 Denio, 516, 43 AD 706 at 707 and 708.

Though the Court found that the defendant never gave the notice required by the lease for the additional term, it also found

that the defendant continuously occupied the premises after July 1, 1938, and used them in its business, that this was done with the acquiescence of the plaintiffs' grantor. In its findings the court treated the acquiescence as a recognition of an extension of the tenancy under the lease and as a waiver of the requirement of the sixty day notice. The exception to the judgment does not reach back of the findings. The findings support the judgment for the rental after July 1, 1943, and the exception is without avail. *Duchaine* v. *Zaetz,* 114 Vt 274, 276, 44 A2 165, and cases cited.

*The judgment is affirmed.*

## ON MOTION FOR REARGUMENT

CLEARY, J. After the opinion in this case had been handed down, the defendant filed a motion for reargument of the case upon the alleged grounds that the Court misapprehended or overlooked (1) the rule laid down in *Coral Gables* v. *Christopher,* 108 Vt 417, 189 A 147, and (2) the distinction between an extension and a renewal of a lease made by *Quinn* v. *Valiquette,* 80 Vt 434, 68 A 515, 14 LNS 962, and *Buckland* v. *Tarble,* 95 Vt 87, 112 A 217, by misreading *Hobbs* v. *Grand Trunk Ry. Co.,* 93 Vt 392, 108 A 199.

Defendant's counsel claims that the Coral Gables case lays down the rule that in order to obtain the benefit of the statute of limitations governing specialties, the plaintiffs were bound to show that the instrument on which they relied had a common law seal and not a statutory one. That case lays down no such rule. This lease required a seal and all the plaintiffs had to prove was that the lease was sealed as required. The findings of fact show this to be so.

Defendant's counsel claims that the Court relied on *Hobbs* v. *Grand Trunk Ry. Co.,* 93 Vt 392, 108 A 199, for the proposition that the lessor may waive the renewal provision and the tenant, by holding over with the landlord's acquiescence, is bound for the additional term. We did not rely on that case for the purpose claimed. We cited it only in support of our statement that the landlord's consent or acquiescence indicating waiver of notice may be evidenced by any act showing his election.

*Hobbs* v. *Grand Trunk Ry. Co.,* 93 Vt 392, 108 A 199, and *Buckland* v. *Tarble,* 95 Vt 87, 112 A 217, are both distinguishable

from the case before us. So far as appears in the Hobbs case there was no provision in the lease either for extension or renewal. In the Buckland case the lease was for the term of one year with the right to renew the lease from year to year. In the case at bar the lessee was given the right to continue the lease for an additional term of five years and, in the event of such extension, the right to remove buildings etc. after the term of the additional five year period. The trial court treated it as an extended tenancy in its findings. It was justified in doing so under the authority of *Quinn* v. *Valiquette,* 80 Vt 434, 68 A 515, 14 LNS 962, and *Colodny* v. *American Clothing Co.,* 107 Vt 321, 178 A 714. The defendant persists in arguing that the lease provides for a renewal and not an extension. But the only question raised by his exceptions is whether the findings support the judgment. We have already held that they do.

The opinion shows that we did not misapprehend or overlook the cases referred to in the defendant's motion and that we did not misread the *Hobbs* v. *Grand Trunk Ry. Co.* case. No ground for reargument appears. *Motion for reargument denied, let full entry go down.*