BETHEL MILLS, INC. *v.* RICHARD WHITCOMB.

(76 A2d 548)

October Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed November 8, 1950.

*Loren R. Pierce* for the defendant.

*Norman S. Case, Jr.* for the plaintiff.

SHERBURNE, C. J.  This is an action of contract to recover upon a running account between the parties.  The defendant pleaded the general issue and the statute of limitations.  Plaintiff filed a replication in which issue was joined on the general issue, and as to the statute of limitations that the defendant had been absent from the State of Vermont for a sufficient time to prevent the operation of the statute, to-wit, for the past seven years.  Defendant thereupon filed a rejoinder setting forth that ever since the alleged indebtedness was incurred, the defendant had known property within the State which could by common process be attached, to-wit, a farm in Stockbridge, the existence of which farm and its ownership by the defendant was well known to the plaintiff.  Plaintiff thereupon filed a surrejoinder alleging that defendant had not within the State during the period of his absence therefrom, as set forth in plaintiff's replication, unencumbered property sufficient to satisfy the indebtedness sought to be recovered, and further, that action against the defendant during the said period of his absence from the State was denied the plaintiff for a certain period, to-wit, two years, because of the service of the defendant in the Armed Forces of the United States.  Thereupon the defendant filed a rebutter alleging that the said estate of the defendant, referred to in the pleadings was not encumbered in such a manner that it could not by common process of law be attached, as provided by section 1661 of the Public Laws; and as to the plaintiff's second contention, the defendant was never an inhabitant of the State of Vermont, and was not subject to the provisions of section 1660 of the Public Laws.  Whereupon the plaintiff filed a surrebutter that, in its contention in its surrejoinder that it was denied the right to bring this action due to defendant's service in the Armed Forces of the United States, it did not rely upon P. L. 1660, but did rely upon Title 50, § 525 of the United States Code, 1940 edition, wherein is set forth the provisions of the Soldiers and Sailors Relief Act, Approved October 17, 1940.  Trial was by court.  Findings of fact were made and filed, and judgment for the plaintiff was entered thereon.  The case comes here upon defendant's exceptions.

The findings show the following facts: The account was for merchandise sold and delivered to the defendant during the years 1935 to 1940, and purchased by the defendant in connection with a farm owned by him in Stockbridge. The last charge for merchandise was on December 18, 1939, and the last payment on account was on July 3, 1940, as of which date the balance due and owing to the plaintiff was $1,999.30. From the time of the inception of the account until the date of hearing the defendant has resided outside the State of Vermont. Findings 4, 5 and 6 read as follows:

> "4. During part of that time, the defendant was in the Military Service of the United States and was overseas in such Service for the four years immediately subsequent to June 24, 1941. The writ in this cause was dated June 15, 1948; was served as an attachment by attaching the farm in Stockbridge or Bethel or both on June 28 and June 29, 1948. Pursuant to an order for service outside the State, a certified copy of the original writ and declaration was served upon the defendant at the City of New York on July 6, 1948.
>
> "5. We are unable to find that the defendant had any known property within the State of Vermont which could by common process of law be attached which would have been of any substantial benefit to the plaintiff or sufficient to satisfy the amount due the plaintiff.
>
> "6. We find the total amount due the plaintiff as of January 1, 1950, including interest to that date, to be three thousand eighteen dollars and ninety-four cents ($3,018.94)."

The defendant excepted to that part of finding No. 4 that, "During part of that time the defendant was in the Military Service of the United States," on the ground it was not supported by the evidence.

Sections 101, 205 and 601 of the Soldiers' and Sailors' Civil Relief Act of 1940, so far as here material, read as follows:

> "Sec. 101. (1) The term "persons in military service" and the term "persons in the military service of the United States," as used in this Act, shall include the following persons and no others: All members of

the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health detailed by proper authority for duty either with the Army or the Navy. * * *

"Sec. 205. The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service.

"Sec. 601. (1) In any proceeding under this Act a certificate signed by The Adjutant General of the Army as to persons in the Army or in any branch of the United States service while serving pursuant to law with the Army of the United States, * * * shall when produced be prima facie evidence as to any of the following facts stated in such certificate:

That a person named has not been, or is, or has been in military service; * * *"

The only evidence about military service was a letter from the defendant to a man in Bethel, dated May 28, 1946, in which the defendant stated: "It was impossible to keep track of these matters. I went overseas 24 June 1941, and was gone four years the first time and six months the second. But I certainly got about.", and the testimony of Plaintiff's manager, received without objection, that he made inquiries about the defendant's whereabouts and was told that "he was in the service," and that he wrote the Adjutant General in Washington, and received a reply that "he was in the service" and was told where.

The defendant argues that the service may have been consular, diplomatic, Red Cross, Maritime Commission, Y. M. C. A., or any branch of the Civil Service, and that there is nothing to identify the service as military service. Because of his being overseas during World War II, and the statement from the Adjutant General, an official connected with the Army, the court could fairly infer that the service referred to was military service. Although the evidence as to the reply of the Adjutant General may have been

hearsay, it was admitted without objection, and the finding could be based upon it. *Montpelier* v. *Calais,* 114 Vt 5, 11, 39 A2d 350. This exception is not sustained.

The rule in this State with respect to the statute of limitations is that the taking out of the writ is the commencement of an action to save the statute, if delivered for service in season to be served and returned to the court to which it is made returnable and is so served and returned; and the date of the writ is prima facie evidence that it issued at that date. *Kessler* v. *Emmel,* 115 Vt 54, 56, 50 A2d 604; *McAllister* v. *Northern Oil Co., Inc.,* 115 Vt 465, 466, 64 A2d 31, and cases cited by these cases. No question is raised that the writ was not duly served and returned. It was dated a little less than eight years after the last payment on the account. Since the defendant was found to have been in the military service of the United States longer than the two years pleaded by the plaintiff, which time is not to be included in the six year period limited by V. S. 47, § 1689, it follows that such period had not expired when this action was commenced.

The defendant excepted to finding No. 5 on the grounds that the plaintiff was aware that the defendant owned a large farm with a considerable quantity of timber thereon, and of value probably in excess of the mortgage, and that V. S. 47, § 1702 makes no provision that the known property of the defendant within the state must be of any substantial benefit to the plaintiff or sufficient to satisfy the amount due the plaintiff.

So far as here material such section 1702 reads as follows:

> "If a person is out of the state when a cause of action of a personal nature mentioned in this chapter accrues against him, the action may be commenced within the time limited after such person comes into the state. If a person is absent from and resides out of the state after a cause of action accrues against him and before the statute has run, and he has not known property within the state which can by common process of law be attached, the time of his absence shall not be taken as a part of the time limited for the commencement of the action."

As the defendant's absence was coupled with a residence out of the State, it comes within the provision of the second sen-

tence in the statute for deducting the time of his absence from the State, and the fact that he was absent from and resided out of the state when the right of action accrued does not take it out of that provision. *Davis, Admr.* v. *Marshall,* 37 Vt 69, 74. The test, as to whether the property is such as to keep the statute in operation, is whether the property would have yielded the creditor a substantial benefit by way of a reduction of his claim. This clearly involves matters of fact not covered by a valuation of the property. The question whether the property would have yielded the creditor a substantial benefit must depend somewhat upon the character of the proceedings required to establish his claim, the expense of procuring necessary legal assistance, the location and nature of the property, and the necessity of incurring expense to secure it when under attachment. A given amount of property might yield a substantial benefit in some cases and not in others. *Munroe* v. *Potter,* 65 Vt 234, 26 A 901, where our cases are reviewed. This rule applies to the equity in mortgaged real estate. *Moore* v. *Quint,* 44 Vt 97, 109, 110. And the burden of proving that the property would have yielded a substantial benefit to the creditor is upon the defendant. *Burnham* v. *Courser,* 69 Vt 183, 193, 37 A 288; *Rixford* v. *Miller,* 49 Vt 319, 326.

The defendant did not testify, and all the evidence as to defendant's farm came from plaintiff's manager, who was recalled to the stand by defendant's attorney. From his testimony it appeared that the farm was attached in this suit, and that he had known that defendant owned it. That it had been mortgaged for $9,500 for a number of years. That there had been considerable personal property upon the farm, but that it had all been conveyed away at about 1940. When asked as to his judgment about the comparative value of the farm in reference to the mortgage, he answered, "I feel it will more than cover the mortgage. There is quite valuable timber on it." When asked how much over the mortgage he would say it was worth he replied "I am not well enough acquainted to answer, * * * but I have been told that there is close to a million feet of timber on the farm." When asked what the timber was worth he answered that he couldn't answer, he hadn't seen it.

In *Munroe* v. *Potter, supra,* the trial court found the value of the attached personal property to be $100, but that the plaintiff would have derived no benefit from its attachment, where the creditor had a claim of $611.23. This Court said: "It is not necessary

to consider what this court might be able to do upon a mere finding of valuation, if the sum found were such that no contingencies recognized by the law could possibly reduce it below what would be a substantial application upon the indebtedness. It is certain that we cannot, as matter of law, say that this property would have afforded a substantial benefit to the plaintiff, against the county court's express finding to the contrary." Here all the personal property had been sold off and the farm may have been abandoned as a farm and have value only for its timber. The stumpage value is not shown, nor is it shown that the timber is in a place easy of access for lumbering. Although the farm is worth more than the mortgage upon it, there is no evidence as to how much. In this state of the evidence we cannot say as a matter of law that this farm would have afforded a substantial benefit to the plaintiff, against the county court's express inability to so find. This exception is not sustained.

The defendant excepted to finding No. 6 upon the ground that the claim being barred by the statute of limitations there was nothing legally due. For the reasons stated this exception cannot be sustained.

The defendant asserts that since the defendant was not an inhabitant of the State, the provisions of V. S. 47, § 1701, formerly P. L. 1660, do not apply to him. As shown in our recitation of the pleadings the plaintiff did not rely upon that section of the statutes.

The defendant has briefed an exception to the admission in evidence of plaintiff's account on the ground that it violates the "best evidence" rule. The finding of the account is unchallenged, hence any error in the admission or exclusion of evidence relative to the subject matter of the finding is of no consequence. *Hastings, Admr.* v. *Ellis,* 114 Vt 471, 490, 49 A2d 210.

Defendant's exceptions to the judgment merely raise questions previously discussed, and for the reasons indicated cannot be sustained.

We find no error. *Judgment affirmed.*