## Maurice Callahan & Sons, Inc.

### v.

## Howard E. Armstrong, Secretary of State

[ 214 A.2d 70 ]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed October 5, 1965

*McKee & Clewley* for petitioner.

*John Connarn,* Attorney General, *Louis Peck* and *Albert D. Pingree,* Assistant Attorneys General, for the State.

**Keyser, J.** Plaintiff seeks to permanently restrain the Secretary of State from enforcing his order to remove certain outdoor advertising signs on U.S. Route 7 in the Town of Bennington as being maintained in violation of statutory law. Appeal is by plaintiff from the chancellor's decree dismissing its petition on the facts found.

The questions for review are whether the chancellor's findings are supported by the evidence and the law.

The findings show that the plaintiff has maintained for over one month four outdoor advertising signs on the land of one Francis Frazier in the Town of Bennington just northerly of the Pownal town line. These signs are located slightly more than thirty-five feet easterly from the center of the traveled part of U.S. Route 7. Each sign contains at least 300 square feet of surface.

Restrictions on the location of outdoor advertising signs are governed by 9 V.S.A. § 3634 with certain execptions provided by 9 V.S.A. § 3635.

The portions of these statutes applicable here are as follows:

"§ 3634. Signs of three hundred square feet or over shall be located at least three hundred feet from the center of the traveled part of the highway . . . but no sign shall be located nearer the center part of the traveled part of the highway than thirty-five feet."

"§ 3635. The provisions of section 3634 of this title shall not apply . . . to signs located within a thickly settled or business part of the town and within three hundred feet of the center of the main entrance of a house or place of business within such part of the town."

Plaintiff's signs are not nearer the center of the highway than the specified thirty-five feet but each sign does contain at least three hundred square feet of surface. Thus, if the signs are not located in violation of section 3634, it must be for the reason that they are located within a thickly settled or business part of the town and within three hundred feet of the center of the main entrance of a house or place of business.

Defendant makes no claim that the signs do not satisfy this last requirement as to distance. The dispute between the parties centers on plaintiff's contention that the signs are located within a thickly settled or business part of a town. The defendant denies this claim.

The term "thickly settled or business part of the town" has been defined by the legislature in 9 V.S.A. § 3622 as follows:

" 'Thickly settled part of a town' means any part of a town along a highway where, within a space not exceeding one thousand feet along the center line of the traveled part of the highway, there are located not less than seven houses or places of business."

" 'Business part of a town' means any part of a town along a highway where within a space of not exceeding one thousand feet along the center line of the traveled part of the highway, there are located not less than three places of business;"

There are several buildings located on both sides of the highway in the Town of Pownal just southerly of and within one thousand feet of the signs. The use to which these buildings are put and their classification, or definition, as found by the chancellor is the critical area of the dispute between the parties.

█ The defendant first urges that since the houses and places of business are not located within the same town as the signs, the plaintiff fails to meet the requirement of section 3635, supra. Defendant argues this statute requires that both the signs and the "thickly settled or business part of the town" must be *within the same town*. Here, they are in different towns.

In taking this position the defendant apparently grounds its argument on its interpretation of the words "part of *the* town" and "within such part of *the* town" in the statute, section 3635. (Emphasis added). This section must be read together with the restriction statute, section 3634, and the definitions quoted, supra, in section 3622. In these definitions the words used are "of *a* town." See *First Nat. Bank* v. *Harvey*, 111 Vt. 281, 290, 16 A.2d 184.

There is no indication in these statutes that the legislature intended to place the restriction, or limitation, as is urged by the defendant. To say that the word "same" is to be read into section 3635 is to materially alter the apparent intent expressed by the legislature.

This court by judicial interpretation may not expand the language or the plain meaning of a statute. *Murphy Motor Sales* v. *First National Bank*, 122 Vt. 121, 124, 165 A.2d 341. If such intent was meant

it could readily have been accomplished within the framework of the statutes.

We hold 9 V.S.A. § 3635 does not require that both the sign, or signs, and the thickly settled or business part of a town shall be within the same town.

The chancellor found that six cabins owned by Mr. and Mrs. James Pratt, operated as Hillside Cabins and located on the easterly side of the highway, constitute one place of business. Three cabins are 16 feet square with two small bedrooms, bath, toilet and kitchenette. The cooking facility is a 2-burner hot plate. The remaining three cabins are 9 feet by 16 feet with one bedroom and a combination bath and toilet. All cabins have heaters fueled by bottled gas and are lighted by electricity. The cabins are of wooden construction, are supported at the corners with concrete blocks and by wood posts in the center and are open underneath between the ground and floor. These cabins are licensed by the State Health Commission for occupancy by the travelling public. Vermont room tax is collected from the occupants. The Pratts also keep a register as required by 9 V.S.A. § 3101 Also, the Secretary of State has made an administrative determination that the cabins constitute one place of business.

The plaintiff first excepted to the failure of the court to find the 16-foot square cabins were insulated and contained a refrigerator and stove. The record does not disclose what findings were requested. In any event, the chancellor did substantially make the finding when it found these cabins were equipped with a kitchenette. Whether they were insulated is immaterial.

Plaintiff's next exception is to the finding that the six cabins constitute one place of business. It argues that each of the six cabins is a house.

Words in a statute without definition are to be given their plain and commonly accepted use. *In Re Willey*, 120 Vt. 359, 361, 140 A.2d 11.

In its common, ordinary sense the word "house" as used in the statute under consideration means a place of dwelling or habitation which is fixed in place and intended for private occupation of a family, or families. 41 C.J.S. p. 363. It is a dwelling intended as an individual residence or home. Ibid, p. 365; Webster's New Inter. Dict.

The evidence clearly demonstrates that none of these cabins were built as or for a dwelling house. They are occupied only from spring-

time into the fall by transients and employees of the race track in Pownal. There is no evidence that the cabins have ever been, or could be, occupied throughout the entire year.

Concerning the three small cabins plaintiff's only witness testified they were very small, definitely overnight cabins with limited facilities which refutes the claim now urged in its brief.

Clearly, none of the cabins were constructed as dwelling, or residential, places, nor were they intended for occupation by a family as such. The evidence shows the use of the larger cabins was limited with no degree of permanency attached to their occupation. Rather, the use was seasonal. The word "house" is not synonymous with "building" which plaintiff appears to claim it is in its argument. We hold that the six cabins are not individual houses within the true meaning and concept of the statute.

This interpretation gains force when it is observed that the term "building" or "structure" is not used in the statute, thus demonstrating the desire and purpose of the legislature to confine the word "house" within the narrow limits as is unquestionably used, and commonly so, both in literature and in common speech, as the equivalent of the home occupied for a family residence.

Under 9 V.S.A. § 3622, "place of business" is defined as follows:

" 'Place of business' means a commercial or industrial establishment or enterprise other than farming which is carried on at least five months during the calendar year;"

The renting of this group of cabins, like renting rooms in a motel, hotel or inn, is a single unified business venture operated by the Pratts. As such, the operation of Hillside Cabins by the Pratts comprises but one place of business or "commercial enterprise." The administrative action of the Secretary of State that these six buildings were cabins or overnight cottages and were a part of one business was correct. The finding of the chancellor is without error.

Plaintiff's next exception is to a portion of Finding 3 (b). The Pratts live in a dwelling house just southerly of their cabins. This building is occupied by them as their home. The office in connection with the operation of the cabin business is in the house and it is also used for some of Mr. Pratt's insurance business. The chancellor found that "the predominant use of the house is that of a family home." Plaintiff's exception runs to this part of the finding.

It is plaintiff's claim that under the statute this building is not only a house but also constitutes two "places of business."

In 1942 the Attorney General rendered an opinion in a similar case reported at page 363 of his biennial report. He there stated:

"The operation of cabins and a store close to a filling station in addition to the operation of a filling station would constitute one place of business, even though three different types of business were being conducted thereon."

In *Simpson* v. *Goldworm*, Fla., 59 So. 2d 511, 513, the court construing beverage statutes said: "Construed in accordance with its ordinary meaning, a 'place of business' means the entire premises to which the public generally is expressly or impliedly invited for the purpose of transacting business with the owner."

The office in the Pratt home where a part of the cabin business is carried on is merely a component element of their cabin business. As an integrated activity or venture, it includes the office. Whatever business is done there does not comprise a separate and distinct commercial enterprise or establishment. Nor does the fact that Mr. Pratt conducts some of his insurance business from this home office also qualify the house as a commercial enterprise within the meaning and intent of section 3622. See Opinions of the Attorney General for 1942 at pp. 363-4.

Plaintiff's contention that the house also constitutes two places of business is without merit.

Plaintiff excepted to Finding 4 that the first building southerly of the signs, termed "diner" on plaintiff's exhibit 1A, is not a house or a place of business within the meaning of the statutes. The testimony is that the building was formerly operated as a diner but was then in the process of being converted into two apartments the work being a little more than half done. There is no evidence that it was occupied in 1964.

This property is owned by Mr. and Mrs. Pratt. Mr. Moore, who is in charge of outdoor advertising in the office of the Secretary of State, testified that Mrs. Pratt indicated they would have additional motel units when the building was finished. Plaintiff's witness testified Mr. Pratt told him he owned Brookside Diner and was currently converting the building into a two apartment house. This testimony is all based on hearsay. It was admitted without objection and thus was for consideration by the court in making its findings of fact. *Bethel Mills* v. *Whitcomb,* 116 Vt. 357, 76 A.2d 548.

The evidence falls far short of establishing by convincing proof

that the building is a "house" as plaintiff contends. The statute is not satisfied by simply showing the existence of a building or a structure. The finding is supported by the evidence and plaintiff's exception is of no avail.

Plaintiff also excepted to Finding 5 that the building on the westerly side of the highway formerly used as a store had not been occupied for over five months and was neither a place of business under the statute nor a house as administratively determined by the Secretary of State.

Mr. Moore testified that this building had been previously operated as a roadside stand by an elderly couple. During the summer months when the owners operated the stand, they stayed in a little apartment they had fixed up in the building. The building has not been used or occupied since Mr. Wright, who owns and lives in a house on adjoining property, bought it several years ago. Mr. Moore said considerable renovation was necessary to use it as an apartment. This evidence is adequate support for the chancellor's finding.

The evidence adduced by plaintiff fails to sustain its exception that the building is a house under the true intent of the statute.

The plaintiff excepted to a part of Finding No. 6 which reads as follows:

"6.   That the Pine Crest Kennel, consisting of three buildings, is a business enterprise, the main entrance to which, measured on a straight line from the said signs, is less than a thousand feet, but measured along the center line of the traveled part of the highway to the driveway and thence to the main entrance is more than a thousand feet."

It is apparent the chancellor considered that the Pine Crest Kennels did not qualify as a place of business under section 3622 because of distance. However, the definitions used in the statute requires only that the place of business or the house be *located* within a space of not exceeding one thousand feet along the center line of the traveled part of the highway. The statute does not refer to "main entrance" or "driveway". It is the location of the structure which controls. The court apparently resorted to section 3635 which mentions "main entrance" but that section is immaterial having no application to this aspect of the case.

Plaintiffs Exhibit 1 (A) as well as the other evidence and the finding make it abundantly plain that the kennel property does qualify by location as a place of business within the meaning of the statute.

The court was in error in adopting the method of measurement it did. Furthermore, the court should have found that the house occupied by the owners of the kennel business was also within the required distance and formed a part of the thickly settled part of the town."

The statute, section 3622, requires that not less than seven houses or places of business be located within one thousand feet of the signs to be embraced within the definition of "thickly settled part of a town."

To summarize, there are the Pratt Hillside Cabins business, the Pratt house, the Pine Crest Kennel business, the house of the owners of such business and the Wright house all located within the distance of one thousand feet from the signs. These are the ones which count toward the formation of the "thickly settled part of town" as defined by section 3622. The combined total of houses and places of business do not number seven as required by the definition of "thickly settled part of a town" and there are less than the three places of business which prevents qualification of the area as a "business part of town," under section 3622.

It is apparent that the exception provisions of 9 V.S.A. § 3635 can not be invoked by the plaintiff. Since plaintiff's signs are not located either in the business part of a town or in the thickly settled part of a town as defined by statute, the decree of the court below must be affirmed.

*Decree Affirmed. Motion to reargue denied. Let full entry go down.*