## Marlene Headley v. Department of Employment Security

[427 A.2d 805]

No. 102-80

Present: **Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned**

Opinion Filed February 3, 1981

*Elliot M. Burg,* South Royalton Legal Clinic, South Royalton, for Plaintiff.

*Matthew R. Gould,* Montpelier, for Department.

*M. Jerome Diamond,* Attorney General, Montpelier, *Peter M. Nowlan* and *Alan B. Coulman,* Assistant Attorneys General, and *Laurie Stone Parker,* Law Clerk (On the Brief), Waterbury, for Employer.

**Larrow, J.** The merits of this claim for unemployment benefits are not involved in this appeal. Claimant Headley was employed by the Woodstock Community Correctional Center, left that employment, and was found disqualified from benefits temporarily by the Claims Examiner, as having left voluntarily without good cause attributable to the employing unit. She appealed that decision, and notice of hearing before the Appeals Referee was sent to the Superintendent of the facility, and to the Department of Finance, by certified mail. The Superintendent did not appear, not having personally received the notice until after the hearing. The Appeals Referee found in favor of claimant, and the Superintendent appealed to the Employment Security Board, requesting a remand to the Appeals Referee for an opportunity to present his evidence. The Board refused this relief, and has certified to us the general question of sufficiency of notice by certified mail under 21 V.S.A. § 1357, when that statute stipulates service by registered mail. We hold that the notice in question was insufficient, and that the matter should be remanded to the Appeals Referee for new hearing after appropriate notice under now existing statutes.

While the legislative purpose in requiring notice by registered mail may not be completely clear, the plain meaning of the statute is. It permits service by ordinary mail except for hearings before, or decisions of, a referee or the commissioner, for which registered mail is required. It provides a different time for appeal periods to run, dependent upon the type of service utilized. And it makes no reference to certified mail. The Legislature was certainly fully cognizant of the difference, because for hearings relating to assessments against employers, it clearly provided for service by either registered or certified mail. 21 V.S.A. § 1331. We cannot expand the plain meaning of the statute. *Maurice Callahan & Sons, Inc.* v. *Armstrong*, 125 Vt. 213, 214 A.2d 70 (1965). And the Board cannot expand this plain meaning, either, being confined to the exercise of those powers expressly conferred. *Miner* v. *Chater*, 137 Vt. 330, 333, 403 A.2d 274, 276 (1979).

The foregoing conclusions are buttressed by the enactment of 1979, No. 154 (Adj. Sess.), § 1, after the dates involved here. That Act adds 1 V.S.A. § 134a to make the term "registered mail" as used throughout Vermont statutes and rules,

when used solely to secure evidence of delivery, include any method of mail delivery requiring the signature of the addressee or his agent. Again, legislative cognizance of the difference is demonstrated.

Absent the required statutory notice, the Appeals Referee was without jurisdiction to hear the claimant's appeal. A new hearing is required.

*The order appealed from is vacated, and the cause remanded to the Employment Security Board to be remanded for new hearing before an appeals referee upon appropriate notice.*